## HANOVER JUNCTION, HANOVER AND GETTYSBURG R. R. CO. VS. ANTHONY.

A drover who accompanies a car of cattle on a railroad has a passenger's right of action against the company for an injury sustained, and is not within the purview of the Act of April 4, 1868, P. L. 58.

A passenger who occupies a dangerous place, in sight of the conductor and is not warned to leave, will not be held guilty of contributory negligence

Error to Common Pleas of York County. No. 183, July Term, 1882.

This was an action for recovery of damages for breaking the arm of defendant in error. The facts of the case appear in the opinion of the Court upon a point reserved, which was as follows, per

WICKES, P. J.:

At the defendant's instance we reserved the second point submitted at the trial, which was as follows:

"That under the provisions of the first section of the Act of April 4, 1868, the plaintiff has no right of action and recovery against the defendant, other than would exist if he had been an employee of the defendant at the time of the accident, and therefore took the risk of an employee and is not entitled to recover."

This is based upon the following undisputed facts: The plaintiff was a buyer and shipper of cattle. In March, 1880, he shipped a car-load of stock over the road of the company defendant, and himself accompanied it, traveling in the caboose attached to the train. He paid the company thirteen dollars per car-load, and this payment, under his agreement with the company, entitled him to go with his stock and return home again on one of their passenger trains. He was provided with a ticket precisely like the following, except that the blank spaces were properly filled up:

Countersigned:

............................................Agent.

............................................Station.

**92 | HANOVER JUNC., HANOVER & GETTYSBURG R.R.**

**DROVER'S RETURN TICKET—NOT TRANSFERABLE.**

IN CONSIDERATION OF A CAR LOAD OF STOCK SHIPPED

From ...................................to......................

By Car No. ......................Manifest No....................

Mr. ..........................................................

Is entitled to return to this station on Passenger Train Free of charge within five days from date, on presenting this ticket countersigned by the Shipping Agent.

*A. W. Eichelberger,*

President.

....................................188

VOID AFTER FIVE DAYS FROM DATE.

ENDORSEMENT ON BACK.

**92 | WESTERN MARYLAND RAIL ROAD.**

**DROVER'S RETURN CHECK.**

CONDUCTOR WILL RETURN BEARER BY PASSENGER TRAIN FROM

**BALTIMORE TO EMORY GROVE**

Free of charge in accordance with terms of ticket.

*J. M. Hood,*

Gen'l Manager.

**VOID IF DETACHED.**

## Regulations Concerning the Issue of Drover's Tickets.

This Pass is issued to the person required by the regulations of the Company to accompany Stock for the purpose of giving it necessary attention, subject to the following restrictions:

For One, Two or Three Cars, pass for one Person.

For Four or Five Cars, pass for Two Persons.

For Six to Ten Cars inclusive, pass for Three Persons.

Passes void after Five days from date of Issue

When this·point was presented to us we indicated our purpose to refuse it, because we could not conceive that one who traveled upon the company's trains under a contract relation could be other than a passenger, and hence not within the scope of the Act of Assembly referred to.

As no case was cited at the time which seemed to decide the question, we reserved the point for more careful consideration. Since that the case of the Penna. R. R. Co. vs. Henderson, 1st P. F. S., 315, has been found, andis'directly in point. It·was argued, however, that that decision is modified by the Act of April 4, 1868, P. Laws, 58.

That this is not the effect of that Act seems clear enough from the language of the Supreme Court in the case of the Penna. R. R. Co. vs. Price, 96 Pa., 266. Said Mr Justice Paxson, in commenting on the Henderson case, "The plaintiff was a drover transporting his live stock upon the cars of the company. He had paid the freight on his stock and at the same time received a pass for. himself. He was traveling with his stock and was as much a·passenger as if he had been traveling with his trunk. * * * * * It may very well be· that Henderson vs. The Railroad Company belongs to a class of cases intended to be covered by the proviso to the Act of 1868," and that proviso excepts passengers from the operation of the Act. We think, therefore, the motion for judgment on the ground that the plaintiff is within the Act of 1868, must be refused.

But we were asked further to say to the jury that the plaintiff could not recover, although a passenger, because by his own negligence he contributed to the injury.

Concurrent negligence is a question to be determined by the peculiar circumstances of each case, and where the facts upon which it depends are controverted, must be determined by the jury. It is only in a clear case that the Court is authorized to withdraw the question from their consideration.

At the time the accident happened the plaintiff was standing in the rear end of the caboose car. This car was divided into two parts, with a communicating door between them. In the front part were seats and a stove—in the other part freight

was carried. When the train stopped at Glenville, the caboose. and locomotive were detached and run into the switch for the purpose of attaching a freight car to the train. At this time, according to the testimony of the plaintiff, he left the forward part of the car and entered the rear end for the purpose of looking after his stock. The train, however, began, moving so rapidly that he remained in the car, and when the two sections of the train came together, it was with such violence that the rear end was raised about two feet from the track, and the plaintiff thrown headlong on the floor. It was then he received the injury. Had the evidence ended here, we would probably have said to the jury that the arrangement of the car was of itself sufficient notice of the purpose for which it was intended, and the proper use to be made of it by its occupants.

But the plaintiff testified in addition, that when he left the forward part of the car the president of the company defendant, Mr. Eichelberger, went with him, and they stood together looking out the side door.

Mr. Eichelberger denied this, but that was for the jury. Again, Mr. Gitt, the conductor of the train, and as such charged with the administration of its rules and regulations, testifies that he saw the plaintiff standing at the side door immediately before the accident, and yet gave him no warning that it was a place of danger. Said the latter witness: "There was no printed notice to drovers not to go in that end of the car—they went in there whenever they felt like it. I had not notified these people not to go in that end of the car— they used to go all over the train."

We had, therefore, according to the plaintiff's testimony, the president of the company entering the rear end of the car with him and remaining there for a time—the conductor of the train looking at him as he stood in the doorway—no notice then or ever that it was a position of danger, but on the contrary the indiscriminate use of it permitted travellers and trainmen alike occupying it at their pleasure. We did not feel at liberty to say, under such circumstances, that the plain-

tiff· was in a position on the car where he had no business to be, and hence not entitled to recover.

Said Mr. Justice Thompson in Penn. R. R. Co. vs. Ogler, 11 Ca., 72: "If by the negligence or omission of those in charge of the train his vigilance was allayed, they are not at liberty to impute the consequence of their acts to his want of vigilance, a quality of which they deprived him. * * * * Care is undoubtedly a relative term, or rather conveys a relative idea as to the degree necessary to be observed under circumstances."

We are, therefore, of the opinion that the plaintiff was entitled to have the question of negligence submitted to the jury—and this was done with such instructions as were deemed satisfactory by both plaintiff and defendant.

The defendant's counsel formally abandoned all other questions arising in the case, and we need not advert to them. On behalf of the plaintiff we are asked for a rule to show cause why the verdict should not be amended to conform to a paper which is produced and said to contain the amounts the jury agreed to. The verdict rendered in open Court was for $1,000· It was formally recorded and ·the jury discharged. The amount cannot now be changed. Our cases are full to this point.

In Dornick vs. Reichenback, 10 S. & R., 84, it is said "the verdict in open Court by the proper officer is the only competent evidence of what the jury directly found." In Walters vs. Junkins, 16 S. & R., 414, it is decided that after the verdict is received and recorded, and the jury dismissed, they cannot alter their verdict on a certificate of mistake in rendering it. See also Rees vs. Stille, 2 Wr., 139.

And now, to wit: June 26, 1882, we over-rule the defendant's motion for judgment, *non obstante verdicto*, refuse the plaintiff's rule to show cause why the verdict should not be amended, and enter judgment upon the verdict rendered by the jury on payment of the jury fee by plaintiff.

The railroad company then took a writ of error, complaining of the action of the Court in holding that Anthony had the rights of a paying passenger, and in not holding that he was guilty of negligence in going into the rear end of the car.

*David Wills, Esq.*, for plaintiff in error cited Catawissa Railroad vs. Armstrong, 52 Pa., 282; P. & C. R. R. vs. McClurg, 56 Pa., 294; Creed vs. Penna. R. R., 86 Pa., 145; Smith vs. Hestonville Pass. Ry., 92 Pa., 450; Goshorn vs. Smith, 92 Pa., 435; Erie vs. Magill, 12 W. N. C., 409; Penna. R. R. vs. Fries, 87 Pa., 234; Mulherrin vs. Railroad Co., 81 Pa., 366; Waters vs. Wing, 59 Pa., 211; Phila. & Reading R. R. vs. Schertle, 97 Pa., 450; Heil vs. Glanding, 42 Pa., 493; Railroad vs. Norton, 24 Pa., 465; Catawissa R. R. vs. Armstrong, 49 Pa., 186; Penna. R. R. vs. Langdon, 92 Pa., 21; O' Donnell vs. Allegheny V R. R., 59 Pa., 249; Act April 4, 1868, P. L. 58; Penna. Railroad vs. Henderson, 51 Pa., 315; Ricard vs. R. R. Co., 89 Pa., 193; Cummins vs. R. R., 92 Pa., 82; Penna. R. R. vs. Price, 96 Pa., 256.

*W. C. Chapman, Esq.*, contra, cited Creed vs. Penna. R. R., 86 Pa., 144; O'Donnell vs. Allegheny Valley R. R., 59 Pa., 249; Penna., R. R., vs. Langdon, 92 Pa., 21; Steamboat Co. vs. Monaghan, 10 W. N. C, 46; Anthony was a passenger; Penna. R. R. vs. Books, 57 Pa., 346; Penna. R. R. vs. McCloskey, 23 Pa., 532; Penna. R. R. vs. Henderson, 51 Pa., 315; Penna. R. R. vs. Price, 96 Pa., 256; Act April 4, 1868, P. Laws, 58.

The Supreme Court affirmed the judgment of the Common Pleas on May 25, 1883, in the following opinion,

PER CURIAM:

The defendant in error clearly came within the contract relation of a paying passenger. Whether he was guilty of contributory negligence was a question of fact for the jury. There was no rule of the company forbidding him to be in the place where he was injured. He was not notified by any agent of the company that it was a place of danger. The negligence of the company, as well as the alleged negligence of the defendant, were both well and carefully submitted to the jury. We see no error in the record.

Judgment affirmed.