## Camden & Atlantic Railroad Company, Plff. in Err., v. Leonard Bausch.

In an action on the case for damages, by the holder of a railroad pass, which contained a printed stipulation, not signed by him, that "the person accepting and using it thereby assumes all risk of accident and damage to person and baggage," the action being for personal injuries inflicted in the state of New Jersey by the alleged negligence of the railroad company, the court below, under objection, admitted evidence to prove that the pass was not a gratuity, but was given for a valuable consideration paid to the railroad company by a third party for whom the plaintiff was an employee, thus distinguishing the case from Kinney v. Central R. Co. 34 N. J. L. 513, 3 Am. Rep. 265; and refused to instruct the jury that there was no sufficient evidence to contradict the written contract on the ticket, and that the verdict should be for the defendant. Affirmed by a divided court.

(Argued January —, 1887. Decided January 24, 1887.)

July Term, 1886, No. 139, before Mercur, Ch. J., Gordon, Paxson, Trunkey, Sterrett, and Green, JJ. Error to Common Pleas No. 4 of Philadelphia County to review a judgment on a verdict for plaintiff in an action on the case for personal injuries. Affirmed by a divided court.

Cited in Crary v. Lehigh Valley R. Co. 203 Pa. 525, 529, 59 L. R. A. 815, 93 Am. St. Rep. 778, 53 Atl. 363.

Note.—The effect of such a stipulation is fully discussed and the analogous authorities collected in Crary v. Lehigh Valley R. Co. 203 Pa. 525, 59 L. R. A. 815, 93 Am. St. Rep. 778, 53 Atl. 363. See also editorial note to Muldoon v. Seattle City R. Co. 22 L. R. A. 794, presenting the authorities as to rights of person riding on pass or contract for free passage.

The facts as they appeared on the trial before WILLSON, J., are stated in the opinion of the court below refusing a new trial.

Plaintiff's counsel offered to prove by witnesses that the pass offered in evidence by the defendant was not a free pass, that the Camden & Atlantic Railroad Company in 1884 granted to one Andrew J. Cox the privilege of maintaining a shooting gallery, swings, etc., at Lakeside park for the sum of $250; that the price which Mr. Cox paid included transportation for himself and one assistant, which assistant is the plaintiff. Admitted under objection. First assignment of error.

The court refused the following points submitted by the defendant:

"1. The plaintiff, by the acceptance of a pass which provided that 'the person accepting and using it thereby assumes all risk of accident and damage to person and baggage,' his right thereunder was according to the law of the state of New Jersey, wherein the contract of carriage was to be wholly performed by the defendant corporation, a body corporate of said state, and the verdict must be therefore for said defendant corporation as would be the case in said state." Kinney v. Central R. Co. 34 N. J. L. 513, 3 Am. Rep. 265.

"2. There is no sufficient evidence to contradict the written contract indorsed on the ticket, and the verdict should be for the defendant."

The assignments of error specified the admission of the evidence and the refusal of the points.

The opinion of the court, sur motion for a rule for a new trial, by WILLSON, J., was as follows:

"The plaintiff was seriously injured while riding on a train of the defendant company, in consequence of a collision between that train and another moving in the opposite direction upon the same track.

"Under the evidence in the case, the defendant must be regarded as having been negligent and, therefore, as liable to the plaintiff, unless relieved upon some other ground.

"The railroad company claims exemption from liability in this action, for the reason that the plaintiff was traveling upon a 'pass' upon the back of which were the following words, viz.: 'This pass is not transferable. . . . The person accepting and using it thereby assumes all risk of accident and damage to person and baggage.'

"The right of carriage, whatever it was, which is involved in the case, arose in the state of New Jersey, where the injury also occurred.    The defendant's counsel based his defense upon the law of that state; and, as at the trial, the case will now be considered as controlled by that law.

"It would seem to be settled by the ruling in Buffalo, P. & W. R. Co. v. O'Hara, 12 W. N. C. 473, that if the law of Pennsylvania alone was applicable, the plaintiff's right of recovery would be unquestionable, even if the pass in question had no other quality of a ticket for transportation or carriage than that of an absolutely free pass.   In that case the pass upon which the person injured was traveling was free, and it was 'conditioned, that the person accepting this free pass assumes all risk of accident to his person or property, without claims for damages on this corporation'—a notice or provision substantially identical with that involved in the present controversy.   It appears, however, by the testimony of an eminent lawyer of New Jersey, as well as by the decision of its court of last resort, to which he referred as the basis of his testimony, that, in that state, a person accepting and using such a pass, as a gratuity, cannot recover against the carrier for an injury resulting even from the negligence of the latter.

"The witness referred to relied upon the case of Kinney v. Central R. Co. 34 N. J. L. 513, 3 Am. Rep. 265.   An examination of that decision, as well as the testimony of the witness, shows, however, that the ruling in that case—which is admitted to exhibit the law of New Jersey, so far as it has special application to the matter in hand—rested upon the fact that the 'pass' there mentioned was a pure gratuity.   This appears, not only from the express language of the opinion, but from the facts of the case, which, for familiar reasons, help to interpret the decision and regulate its scope.   The passenger injured asked for the free passage, and, when he received the pass, he was distinctly informed that he was to take all risks of accident.   The court said that 'the contract now under consideration was not made with the defendants in their character of common carriers. The deceased did not choose to bargain with them in their general employment, in which they hold themselves ready to transport passengers for hire, but asked and accepted from them a gratuity.'   This was also said: 'While it may with great force be urged that the policy which dictates this rule,' invali-

dating contracts limiting liability in cases of negligence, 'would be infringed by permitting a railroad company, in the pursuit of its ordinary business, to contract for immunity from such loss, it is difficult to perceive how this consideration can apply to a transaction without their ordinary employment, to a mere gratuity or accommodation, which concerns none but the immediate parties to it.'

"The New Jersey law, which is to be applied to this case, therefore, is not that a passenger riding upon a pass containing such a notice or provision as that before recited, is deprived of his redress in case of injury, resulting from the negligence of the carrier, but rather that such a passenger loses his right of recovery, in such a case of injury, when he accepts and uses the pass as a mere gratuity or accommodation.

"With reference to a case in which the pass forms the whole or part of the consideration for the carriage, moving from the passenger or to the carrier, there is nothing to indicate that the law of New Jersey differs from that of our own state.    Indeed, the strong implication from the opinion just quoted from is that it does not.    However that may be, in the absence of proof we must assume that it does not, and there is little probability that, either in New Jersey or anywhere else, a railroad company will be exempted from liability for negligence by reason of a mere notice or declaration upon a pass or ticket, when it appears that it was not a gratuity, but was founded upon an actual consideration.

"It is hardly necessary to say, in view of the fact that such a notice as that which the defendant relies upon in this case would not relieve a railroad company from liability from negligence in Pennsylvania, though the pass used was free, in the fullest sense (Buffalo, P. & W. R. Co. v. O'Hara, 12 W. N. C. 473), that such a liability would certainly exist when there was a consideration given for the pass or ticket.    This was expressly decided in Pennsylvania R. Co. v. Henderson, 51 Pa. 315.

"Upon the same point see also decisions of the Supreme Court of the United States in New York C. R. Co. v. Lockwood, 17 Wall. 357, 21 L. ed. 627, and Grand Trunk R. Co. v. Stevens, 95 U. S. 655, 24 L. ed. 535.

"In the case before us, the plaintiff endeavored to avoid the effect of the law of New Jersey, already stated, by proving that the pass which he was using at the time when he was injured

was not a gratuity.    It appeared in evidence that the plaintiff was at that time in the service of one Cox, who had for several years been concerned, under a contract with the defendant, in maintaining a shooting gallery and other diversions at a park or picnic grounds, on the line of, and belonging to, the defendant. The contract just referred to had each year been reduced to writing, and, simultaneously with its execution and delivery, passes for two persons were handed over by the defendant's officer to the other party.    There was testimony that when the first contract of this kind was made, it was expressly stipulated that some such right of transportation should be afforded.

"There was, also, evidence that at the time when Cox arranged for the contract for the year 1884, during which the plaintiff was injured, he spoke about inserting in the written contract some provision as to the passes or transportation being furnished, but was informed by the defendant's officer that it was not necessary, and that the passes would be furnished as usual.    In point of fact, the plaintiff's pass, together with one for Cox, was delivered to the latter at the time when the contract for 1884 was executed.

"The only question which is now raised is really involved in the defendant's second point, which asked for an instruction that there was not 'sufficient evidence to contradict the written contract indorsed on the ticket, and the verdict should be for the defendant.'  The point was refused, and the jury were instructed that if they believed from the evidence that the pass was a part of the consideration moving from the defendant, which induced the making of the contract with Cox, the plaintiff might recover.

"We will not take extended notice of the question as to whether or not the effect of the verdict was to produce an alteration of the written contract made between Cox and the railroad company.  If it might appear to have such an effect, and if there was a deficiency of evidence to warrant that result—which is by no means clear—we think the verdict should be sustained, against any such objection, upon the ground that the simultaneous delivery of the passes might be regarded as an executed oral agreement, which was a part of the consideration for the written contract.    We think there was abundant evidence to justify the leaving of this question to the jury, and that the legal point involved in it finds sufficient support in the recent case of West Chester & P. R. Co. v. Broomall, 1 Sad. Rep. 587.

"The reason for which the defendant asks for a new trial is, however, distinct from that just referred to. It is urged that the notice or condition which was printed on the back of the pass used by the plaintiff was, in effect, a written contract, subject to the ordinary requirements as to the evidence which would justify an alteration of it, and that the admission of the evidence in the cause tending to show a consideration for the pass, together with the submission to the jury of the question whether or not there was such a consideration, produced an unwarranted alteration of that so called written contract.

"We do not think that the principle upon which the defendant endeavors to rely has any application to these facts. A printed provision upon the back of a ticket or a pass, not signed by the person who is alleged to be bound by it, can hardly be said to be a written contract, which can only be altered by the evidence of two witnesses, or their equivalent. Such a provision would have still less resemblance to a contract of that nature, when, as in this case, there is an entire absence of evidence that the person using the pass was made aware of the existence of the condition. The reason of the equitable rule which protects written agreements from the uncertainty necessarily pertaining to merely oral contracts, and requires a high order and quantity of evidence to justify any alteration of that which the parties have deliberately reduced to writing, or approved and adopted, rests upon the fact that they have attested their written compact by their signatures, either directly or through an authorized representative.

"The question before us is not so much whether the alleged contract on the back of the pass could properly be altered, under the evidence in the case, as it is this: whether that contract or condition could be lawfully enforced, or imposed, under the circumstances exhibited by the evidence. See Grand Trunk R. Co. v. Stevens, 95 U. S. 655, 24 L. ed. 535.

"The plaintiff made no effort to establish a different contract from any expressed on the pass. He only attempted to show that the defendant received a consideration for it; in other words, that it was not a gratuity. In this effort he did not even try to assert anything in contradiction of the pass, or any language contained in or on it, for it is not stated therein to be a free or gratuitous ticket.

"If, therefore, the case was much stronger than it is, and there

was an agreement signed by the plaintiff equivalent to the condition upon which the defendant rests its case, we see no reason why he could not have shown that the defendant received a consideration for the pass, without reference to the rule in regard to the alteration of written instruments.

"There was, undoubtedly, evidence in the case from which the jury could reasonably infer that the defendant received a consideration for the pass upon which the plaintiff traveled; or, in other words, that that pass and another received by Cox were a part of the inducement held out by, and moving from, the defendant, on the basis of which the written contract entered into by Cox was made.    In this view it is not at all material that the plaintiff himself paid nothing to the defendant for the pass.

"It is not necessary, after what has been thus far said, to analyze the evidence for the purpose of ascertaining whether or not there was testimony from at least two witnesses showing the existence of the consideration referred to.    We have no doubt that the evidence in the case was sufficient to enable the question to be left to the jury, with entire propriety.

"The points submitted to the court by the defendant were, in our judgment, founded upon a misconception which we have endeavored to exhibit.    They were, therefore, properly refused."

*David W. Sellers*, for plaintiff in error.—The court below erred as specified in the first assignment, because the offer did not pretend that Cox was induced to sign the agreement by any fraud practised upon him by the railroad company, or that said agreement was executed on the faith of a promise to freely transport, and that by accident or mistake it was omitted. Rowand v. Finney 96 Pa. 196; Boyd v. Breece, 3 Phila. 206; Callan v. Lukens, 89 Pa. 136; Greenawalt v. Kohne, 85 Pa. 375.

Plaintiff's use of the ticket bound him to its stipulations as though signed by him.    Swan v. Watertown F. Ins. Co. 96 Pa. 37.

He had no contractual relation with the defendant below, other than that expressed in the ticket.    Dietrich v. Pennsylvania R. Co. 71 Pa. 432, 10 Am. Rep. 711; Oil Creek & A. R. Co. v. Clark, 72 Pa. 233.

*Alfred Moore* and *Arthur Moore*, for defendant in error.—

In Pennsylvania a free pass containing an express release of the liability of a railroad company for all damages on account of injury to the person of the holder, although accepted and used, does not relieve the company from liability, as a common carrier, for negligence. Pennsylvania R. Co. v. Henderson, 51 Pa. 315; Pennsylvania R. Co. v. Butler, 57 Pa. 335; Buffalo, P. & W. R. Co. v. O'Hara, 12 W. N. C. 473.

The case of Kinney v. Central R. Co. 34 N. J. L. 513, 3 Am. Rep. 265, decides that the carrier is relieved from liability if the pass is wholly gratuitous.

The plaintiff's use of the pass did not estop him from showing that it was not a gratuitous one. Grand Trunk R. Co. v. Stevens, 95 U. S. 655, 24 L. ed. 535; New York C. R. Co. v. Lockwood, 17 Wall. 357, 21 L. ed. 627.

The defendant was liable to plaintiff, who was being carried in pursuance of its contract with Cox. Patterson, Railway Accident Law, p. 205.

The rule which excludes parol evidence in a contest between the parties to a contract does not apply to strangers thereto. Com. *ex rel.* Irwin v. Contner, 21 Pa. 266, 272.

To deny the parol qualification upon the faith of which a contract is made, in order to procure an unfair advantage, is a fraud, and parol evidence is admitted as to the real intent of the parties at the time. Oliver v. Oliver, 4 Rawle, 141, 26 Am. Dec. 123; Renshaw v. Gans, 7 Pa. 117; Hultz v. Wright, 16 Serg. & R. 345, 16 Am. Dec. 575; Rearich v. Swinehart, 11 Pa. 233, 51 Am. Dec. 540; Lippincott v. Whitman, 83 Pa. 244; Cullmans v. Lindsay, 114 Pa. 166, 6 Atl. 332; Christ v. Diffenbach, 1 Serg. & R. 465, 7 Am. Dec. 624; Caulk v. Everly, 6 Whart. 303; Chew v. Gillespie, 56 Pa. 308; Lauchner v. Rex, 20 Pa. 464; Powelton Coal Co. v. McShain, 75 Pa. 238; Greenawalt v. Kohne, 85 Pa. 369; Hoopes v. Beale, 90 Pa. 82; Phillips v. Meily, 106 Pa. 536.

Parol evidence is admitted to show a consideration different from that expressed in an agreement, if not inconsistent therewith. Buckley's Appeal, 48 Pa. 491, 88 Am. Dec. 468; Lewis v. Brewster, 57 Pa. 410; Taylor v. Preston, 79 Pa. 436.

The veracity and accuracy of the witnesses and the conflict in the evidence was wholly for the jury, as is also the inference to be drawn from the facts whether the parol promise was the inducing cause of the execution of the written contract. Cullmans v. Lindsay, 114 Pa. 166, 6 Atl. 332.

PER CURIAM:

The justices who heard this argument are equally divided in opinion, and the judgment is therefore affirmed.