## Selva *v.* Allegheny River Mining Co., Appellant.

*Negligence—Workmen's compensation—Injury in course of employment.*

A finding by a workmen's compensation referee that a coal miner was injured in his eye in the course of his employment, will be sustained, where a fellow workman testified that he noticed the condition of the plaintiff's eye when they came out of the pit together, and the claimant then said that he got a piece of coal in his eye; that both claimant and his wife testified that the eye was in good condition when he went into the mine, and there is no contradiction in the evidence that it was in an inflamed condition later in the day, and that he finally lost the sight of it; and that the doctor who attended the claimant testified without contradiction, that he took a piece of coal out of the eye, that he could see where the coal entered the eye, and that he was of the opinion that the trouble was brought about by the forceful entry of the coal, causing an abrasion of the eye, which later resulted in an ulcer. Such a finding will be sustained, although there was evidence that the claimant made inconsistent statements in regard to the cause of his injury.

Argued Oct. 1, 1917.  Appeal, No. 50, April T., 1918, by defendant, from order of C. P. Armstrong Co., June T., 1917, No. 13, dismissing appeal of defendant from affirmance by the Workmen's Compensation Board of the finding by a workmen's compensation referee in case of Joe Selva v. Allegheny River Mining Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Appeal from affirmance of findings of fact by a workmen's compensation referee.  Before KING, P. J.

From the record it appeared that the plaintiff claimed damages for an injury to his eye on September 5, 1916,

while he was engaged in mining coal in the employment of the defendant. The circumstances of the accident are stated in the opinion of the Superior Court.

*Error assigned* was the order dismissing the appeal.

*Edgar W. Tait,* with him *Edwin E. Tait,* for appellant.

*Clark S. Hulings,* for appellee.

OPINION BY HENDERSON, J., March 2, 1918:

The defendant rests its appeal on the proposition that under all the evidence the appellee failed to prove an injury received in the course of his employment. If it be conceded that the testimony may be reviewed after findings of fact have been made by a referee and the compensation board we are not able to agree with the appellant's contention that there is no evidence to support the findings of fact. It is true the evidence shows that the claimant made inconsistent statements in regard to the cause of his injury; but there is testimony from which it might well be found that the eye was injured while the plaintiff was at work on the morning of the fifth of September. A fellow workman noticed the condition of the eye when they came out of the pit and the claimant then said that he got a piece of coal in his eye. Both the claimant and his wife testified that the eye was in good condition when he went into the mine that day and there is no contradiction of the evidence that it was in an inflamed condition later in the day and that he finally lost the sight of it. The evidence is uncontradicted that Dr. Heilman took a piece of coal out of the eye and this physician testified that he could see where the coal entered the eye. He also expressed the opinion that the trouble was brought about by forceful entry of this coal causing an abrasion of the eye which later resulted in an ulcer. If the case had been on trial by a jury it would certainly have been the duty of the court to refer to the jury the

determination of the question whether the eye was injured at the time alleged by the claimant.   As stated by some of the appellant's witnesses the claimant said that he did not know how his eye was injured but this is not inconsistent with the evidence of Dr. Heilman.   It required an expert examination to determine what the trouble was but that the claimant thought the injury was from coal is shown by the testimony of Boman who worked with him and to whom he stated at the time that his eye was injured by a piece of coal.   The court below was satisfied from a consideration of the evidence that the conclusion of the referee was well founded and we find no convincing reason for arriving at a different conclusion.

The judgment is affirmed and the appeal dismissed at the cost of the appellant.