## Bridge *v.* Lomax, Appellant.

*Workmen's compensation—Master and servant—Stenographer—Negligence—Act of June 2, 1915, P. L. 736.*

Where a stenographer whose scope of employment includes the going on miscellaneous errands, is directed by one of her employers to purchase his lunch during her lunch hour, which she does, and while returning to her employer's place of business, receives injuries by being struck in the eye by a stone thrown by a boy, the injury which she receives is one sustained while she "is actually in the furtherance of the business or affairs" of her employer, within the meaning of Article I, Section 104, and Article III, Sec. 301, of the Workmen's Compensation Act of June 2, 1915, P. L. 736.

Argued Oct. 16, 1917. Appeal, No. 234, Oct. T., 1917, by defendant, from order of C. P. No. 1, Philadelphia Co., March T., 1917, No. 2733, affirming report of Workmen's Compensation Board in the matter of Elizabeth

C. M. Bridge v. Joseph Lomax, trading as Joseph Lomax
Carpet Mills and London Guarantee & Accident Co., In-
surance Carrier.   Before ORLADY, P. J., PORTER, HEN-
DERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.
Affirmed.

Appeal ' from report of Workmen's Compensation
Board.

The facts are stated in the opinion of the Superior
Court.

*Error assigned* was order affirming the report.

*C. Donaldwartz*, with him *William W. Smithers*, for
appellant, cited:  Hills v. Blair, 182 Michigan 20.

*Samuel Feldman*, for appellee.

OPINION BY ORLADY, P. J., March 2, 1918:

The plaintiff, while an employee of the Joseph Lomax
Carpet Mills, received injuries which were sufficiently
serious to warrant an award by the Workmen's Compen-
sation Board of $25 for expenses, and $5 per week from
January 25, 1916, and continuing for 125 weeks, payable
weekly.   Appeals were taken by the defendants to the
Court of Common Pleas and after hearing the exceptions
were dismissed and the award affirmed.

There is no dispute as to the facts, the only question
being the correct interpretation to be given to Article I,
Section 104, and Article III, Section 301, of the Work-
men's Compensation Act, which are as follows: "The
term 'employee' as used in this act is declared to be
synonymous with servant, and includes all natural per-
sons who perform services for another for a valuable
consideration, exclusive of persons whose employment is
casual in character, and not in the regular course of the
business of the employer......" and "......The term
'injury by an accident in the course of his employment,'

as used in this article, shall not include an injury caused by act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment; but shall include all other injuries sustained while the employee is actually in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere......."

On the hearing it was agreed by counsel that the plaintiff was the stenographer and clerk of the defendant; that among her duties in said employment, she was sent at various times on different errands for the company, —to their bank, and for the purchase of articles desired by the defendant, and frequently she was directed to purchase during her lunch hour, articles for the lunch of Joseph Lomax and H. Logan Lomax, the managers of the defendant's business, and the employer of the claimant; that on January 11, 1916, as she was leaving for her lunch about noon, she was directed by H. L. Lomax to purchase his lunch for him, and to bring it back with her when she returned from her lunch; that after finishing her lunch, and having purchased the articles ordered by H. L. Lomax, while she was returning to the factory and carrying the lunch, she received injuries "by being struck in the eye by a stone hurled or thrown by some boys in the street." Under the facts as agreed to it cannot be disputed that she was acting under the direct orders of her employer, she was executing a command in which she was not personally concerned. It does not appear that any definite period of time was named as a lunch hour so as to be at her personal disposal, and in following the direction of her employer in securing his lunch, she was as actually engaged in the furtherance of the business or affairs of the employer, as when discharging other duties to which she was accustomed, viz: going to bank or in making minor purchases for the firm. This question of fact was found against the defendant on sufficient evidence.

The judgment is affirmed.