## Gallagher *v.* Delaware, Lackawanna & Western R. R. Co., Appellant.

*Workmen's compensation—Appeals—Findings of fact by board —Failure to make complete findings—Pleadings.*

While the findings of the referee, affirmed by the Workmen's Compensation Board, are conclusive and not subject to review by the courts, yet there should be in every case exhibited in the report of the referee, or the Workmen's Compensation Board, a finding based upon subordinate underlying findings, to justify the conclusions of law and fact. The report should show fully and clearly all the controlling facts, to determine whether or not the claimant was injured in the course of his employment.

Where the complete findings are not made by the board, an award will not be disturbed, where the pleadings in the case show the exact facts in dispute, for it is presumed that such allegations were considered by the referee and the Compensation Board, in reaching their decision.

Argued March 4, 1919. Appeal, No. 20, March T., 1919, by defendant, from order of C. P. Lackawanna Co., Nov. T., 1917, No. 258, dismissing appeal from decision of Workmen's Compensation Board, allowing claim in case of John J. Gallagher v. Delaware, Lackawanna & Western Railroad Company. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Appeal from Workmen's Compensation Board. Before O'NEILL, J.

From the record it appeared that the plaintiff filed a claim for compensation under the Workmen's Compensation Law against his employer, Delaware, Lackawanna & Western Railroad Company. The referee failed to

make specific findings of fact as to how the accident occurred, but found the legal conclusion that the injury was received in the course of employment and made an award. The award was affirmed, on appeal by the Workmen's Compensation Board, and a petition to the Common Pleas to allow the appeal was dismissed without an opinion. Defendant appealed.

*Error assigned* was order of the court dismissing the appeal.

*R. H. Harris,* of *Knapp, O'Malley, Hill & Harris,* and with him *D. R. Reese,* for appellant.

The referee or Workmen's Compensation Board must make specific findings of fact, covering each and every fact essential to a conclusion: Workmen's Compensation Act, June 2, 1915, Section 409, P. L. 751; Messinger v. R. R. Co., 261 Pa. 336; McCauley v. Woolen Co., 261 Pa. 313.

The finding that the claimant was injured in the course of his employment is a legal conclusion which must be based upon a specific finding of fact: Siglin v. Armour, 261 Pa. 30; Bridge v. Lomax, 69 Pa. Superior Ct. 109; McCauley v. Imperial Woolen Co., 261 Pa. 312; Dzikowska v. Steel Co., 259 Pa. 578; Selva v. Mining Co., 68 Pa. Superior Ct. 612; Flucker v. Steel Co., 66 Pitts. 271.

*M. J. Martin,* and with him *Elmer D. Adair,* for appellee, cited: Poluskiewicz v. P. & R. Coal Co., 257 Pa. 305; Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202; McCauley v. Imperial Woolen Co., 261 Pa. 312; Dzikowska v. Superior Steel Co., 259 Pa. 578.

OPINION BY ORLADY, P. J., July 17, 1919:

The validity of the order made by the court below depends wholly upon whether the evidence justified the finding that the claimant received his injuries, by accident, in the course of his employment with the defendant,

on the date and at the place mentioned in the record. It is not disputed that the claimant received serious injuries, but it is vitally important that the conclusions of fact and law must be ascertained from credible testimony to make the award a valid one. The referee after investigation, finds that the claimant was an ashman at the defendant's colliery, "that on June 7, 1916, the claimant was struck in his left eye with a small piece of copper, the accident resulting in an injury to the same eye, which with its effects and the attention given to it, caused him to be totally disabled until and including August 20, 1916"; and "that the above described injury was sustained by accident in the course of his employment with the defendant on the date and at the place mentioned, etc." The referee finds, as a conclusion of law, "that confirming the facts hereinbefore found, the claimant sustained such an injury by accident in the course of his employment as is contemplated by the Workmen's Compensation Act of 1915, and is entitled to an award, and the defendant is liable for the amount of the same." On an appeal to the Workmen's Compensation Board from the finding by the referee, the commissioner found, "The claimant on July 7, 1916, sustained an injury to his left eye from the explosion of a dynamite cap, which resulted in the total loss of vision of the eye. The referee has found that the loss is permanent, and that no operation is likely to restore the sight. There is conflicting testimony as to when, and under what circumstances the injury occurred......The referee saw and heard the witnesses, and his conclusions as to the correct import of all the circumstances in the case as to how the accident happened, and his finding that the claimant was at the time he suffered the injury actually engaged in the course of his employment with the defendant, will not be challenged by us."

The reports of the referee and the commission fail to show the character of work the claimant was engaged in at the time he received the injury, where he was working,

under whose direction, or any description of the duties
expected of him in the course of his employment. In this
respect the report of the referee and the commission are
totally inadequate to sustain the award.

In the claim petition filed with the Workmen's Com-
pensation Board, the following appears: "(3) Where
did the accident happen? Hallstead Mines, Duryea, Pa.
(4) When did the accident happen? July 7, 1916, be-
tween 10 and 11 a. m. (5) What was the nature of ac-
cident and how did it happen? While laying down an
iron bar after barring a car, it struck a dynamite cap
which must have fallen there, the explosion of which de-
stroyed the sight of left eye. (6) What kind of work
were you doing at the time of the accident? Moving a
car into the ash pit to haul out ashes which was part of
my regular work. (7) What was the nature of the injury?
Complete loss of sight of my left eye. (8) Did you receive
surgical or hospital services? Yes, at the Moses Taylor
Hospital, Scranton, Pa., and Wills's Eye Hospital, Phila-
delphia, Pa.," from which it appears that the injury was
received while the claimant was moving a car to the ash
pit to haul out cinders, which was part of his regular
work. In the defendant's answer to this claim petition,
it is averred "That the injury sustained by the claimant
was not the result of an accident occurring in the course
of his employment." These are treated as part of the
pleadings by the parties, and the issue thus framed was
considered by the referee and commission. Their reports
should show clearly and unmistakenly all the control-
ling facts to determine whether or not the claimant was
injured in the course of his employment.

While the notes of testimony are not properly a part of
the record sent up on this appeal from the commission
board and from the common pleas, and even if they are
mistakenly included in the record, they should not be
considered: McCauley v. Woolen Co., 261 Pa. 313. But
where the pleadings in the case show the exact facts in
dispute, it is to be assumed that they were considered by

the referee and commission. The finding that an employee's injury was received in an accident arising in the course of his employment, is a mixed question of law and fact: Flucker v. Steel Co., 263 Pa. 113. While the finding of fact of the referee, affirmed by the Workmen's Compensation Board, in case of a hearing de novo, are conclusive and are not subject to review by the courts,—Messinger v. Lehigh Valley R. R. Co., 261 Pa. 336, yet, there should be in every case, exhibited in the report of a referee or the Workmen's Compensation Board a finding based on subordinate underlying findings to justify the conclusion of law and fact. The omission to do so in this case is not to be considered a precedent in other cases, and we dispose of this appeal on the special facts appearing in the record. We are not favored with any opinion by the court below, as should be, but an examination of the whole record fairly discloses that the conclusion reached by the referee,— that the claimant received his injuries while in the course of his employment sustains the averment in the claim petition, and with the supplementary proof determines the extent and degree of his injuries: Selva v. Allegheny River Mining Co., 68 Pa. Superior Ct. 612; Bridge v. Lomax, 69 Pa. Superior Ct. 109. The modified order was rightly made by the commission under the admitted facts.

The judgment is affirmed and the appeal is dismissed, at the cost of the appellant.