## Radle v. Susquehanna Coal Company.

*Workmen's Compensation Law — Evidence — Sufficiency—Notes of testimony—Province of the court upon appeal—Act of June 26, 1919.*

1. The Act of June 26, 1919, P. L. 642, amending section 427 of the Workmen's Compensation Act, so as to require the Compensation Board, in case of an appeal, to certify to the Court of Common Pleas its entire record, including the notes of testimony, does not make the findings of fact by the board less binding upon the court than they were before that act became law.

2. The effect of the amendment is to bring the evidence before the court. The province of the court then is to determine whether there is any legal evidence to support the findings of the board. If there is such evidence, the findings cannot be reviewed, even though the court possibly would have found the facts differently.

3. Plaintiff's decedent went to work without a cut or a scratch. He came from work, having received a cut that required immediate treatment: There was no evidence that he had been at any place other than in the mines of the defendant. He died as a result of the cut. While he was in the mine he showed the cut to a fellow-workman, and stated that he received it from the tool with which he had been working. Upon reaching his home he made the same statement to his wife. He repeated it to his physician two days later: *Held*, the declarations of the decedent to his fellow-workman and to his wife were competent evidence, and, taken with the other circumstances, constituted abundantly sufficient evidence to justify the finding of the board that the injury was received in the course of employment; the declaration to the physician was incompetent.

Appeal from award of Workmen's Compensation Board. C. P. Dauphin Co., June T., 1918, No. 424.

*Roger J. Dever* and *Beidleman & Hull*, for plaintiff.

*M. E. Stroup*, for defendant.

HARGEST, P. J., Sept. 11, 1922.—This case comes before us on an appeal from an award of the Workmen's Compensation Board.

The husband of the plaintiff was an employee of the defendant. The alleged injury happened March 7, 1917. A claim was made under the Workmen's

Compensation Act, which the referee disallowed. Upon appeal to the board and hearing *de novo*, the board reversed the referee and awarded compensation. The defendant thereupon appealed to this court. After considering the case, President Judge Kunkel, on Feb. 17, 1919, remanded the case for the purpose of having the board return a more detailed finding of facts. This finding was made and the case returned to us without the full record being attached. An additional exception was then filed by the defendant to the supplemental finding. Upon consideration, we directed the Workmen's Compensation Board to return to this court the full record.

### Facts.

Among the board's supplemental findings of fact are the following: "4. On March 7, 1917, the deceased was operating a machine in a mine of the defendant, which was part of his duties, and while doing so he was in the course of his employment. A fellow-employee, Thomas Staken, visited the chamber in which the deceased was working for the purpose of borrowing the machine, which was a mine-drilling machine, when the deceased warned the said Staken to be careful in the operation of the said machine, as he had just cut his finger upon the thread of the same. The evidence clearly establishes that the deceased was not injured in any way when he entered upon his employment that day. Upon returning to his home that evening, the deceased displayed his injured hand to his wife—it was the middle finger of the left hand—and stated to her, in substance, what he had told his fellow-employee immediately after the accident upon the premises where it occurred. The statement was made by the deceased to his son and to his physician, all of whom so testified before the board at the hearing *de novo*. The evidence establishes that the deceased died as the result of blood poisoning, which followed as a direct consequence of this injury."

### Discussion.

The defendant contends that there is no legal evidence to support the findings of the board. When this claim was originally made and first considered by this court, the notes of testimony were not properly a part of the record sent up on appeal by the Compensation Board to the Common Pleas: McCauley *v.* Imperial Woolen Co., 261 Pa. 312. The Act of June 26, 1919, P. L. 642, amended section 427 of the Workmen's Compensation Law of 1915, by requiring the board to certify to the Court of Common Pleas "its entire record in the matter in which the appeal has been taken, including the notes of testimony."

In Kuca *v.* Lehigh Valley Coal Co., 268 Pa. 163, it has been held that the Act of 1919 applies to an action already instituted.

Prior to the Amendment of 1919 it was held that "there should be in every case exhibited in the report of a referee or the Workmen's Compensation Board a finding based on subordinate underlying findings to justify the conclusion of law and fact. The report should show fully and clearly all the controlling facts, to determine whether or not the claimant was injured in the course of his employment:" Gallagher *v.* D., L. & W. R. R. Co., 72 Pa. Superior Ct. 124. The testimony not being before the court, it was obliged to assume that the evidence was competent, relevant and sufficient, in the absence of findings as to the character of the evidence: McCauley *v.* Imperial Woolen Co., 261 Pa. 312. Since the Act of 1919 the findings of fact by the Workmen's Compensation Board are as binding on the court as they were before, but the evidence being before the court, it is the province of the court

2 D. & C.

to determine whether there is any legal evidence to support the findings. If there is such evidence, the findings cannot be reviewed, even though the court possibly would have found those facts differently: Stahl *v.* Watson Coal Co., 268 Pa. 452.

The limit of our inquiry, therefore, is whether there is legal evidence to sustain the finding that the deceased was injured in the course of his employment, and whether he died as the result of blood poisoning which followed as a consequence of that injury.

The appellant argues that the findings are based upon hearsay evidence, and upon declarations so far removed from the time of injury as not to be part of the *res gestæ*, and, therefore, clearly incompetent.

It must be remembered that compensation is allowed for injuries received in the course of employment. Our Supreme and Superior Courts have several times pointed out that our Compensation Act differs from that of most of the other states, in that the injury to be compensable need not arise out of the employment; that it need only occur in the course of it: Lane *v.* Horn & Hardart Baking Co., 261 Pa. 329; Dzikowska *v.* Superior Steel Co., 259 Pa. 578; Hale *v.* Savage Firebrick Co., 75 Pa. Superior Ct. 454. The courts have been somewhat liberal in determining what is included in the "course of employment." If, therefore, the deceased in this case entered upon his employment uninjured and left the premises having sustained an injury, that circumstance might be sufficient to show that he received his injury in the course of his employment, without definite proof as to how the injury was received. It is not necessary to show that he was actually at work. He might have been on his way home (Flucker *v.* Carnegie Steel Co., 263 Pa. 113), or eating the noon-day meal (Granville *v.* Scranton Coal Co., 76 Pa. Superior Ct. 335), or attending to personal needs (Blouss *v.* D., L. & W. R. R. Co., 73 Pa. Superior Ct. 95). It is clearly shown by competent testimony that Radle went to work on March 7, 1919, uninjured; that he returned to his home in the evening of that day with a cut on the middle finger of the left hand, which he and his wife thereupon dressed; that he did not return to work the next day, and the second day thereafter a physician was called, who attended him up to the time of his death, which occurred April 1, 1917, and was caused by blood poisoning. There can be no serious question of the relevancy and competency of the evidence to prove the foregoing facts. No hearsay testimony is involved in such proof. On the day of the injury a fellow-workman, Staken, asked Radle for the loan of a tread-bar, and Radle, the deceased, told Staken to be careful, that he had cut his hand with it. He thereupon held up his hand to show it, but Staken did not take particular notice of it. When he returned home in the evening he told his wife and son that he had cut his hand in the mine, and when he saw the doctor, two days later, made the same declaration. It is argued that evidence of these declarations of the deceased are inadmissible because too remote, not part of the *res gestæ*, and, therefore, hearsay.

"While a physician may testify to a statement by his patient in relation to his condition, symptoms, sensations and feelings, the necessity which justifies the admission of such testimony does not extend to declarations as to the cause of an injury which is the subject-matter of inquiry:" Gosser *v.* Ohio Valley Water Co., 244 Pa. 59, 63.

We, therefore, conclude that the declarations to the physician as to the cause of the injury are not competent.

"No fixed measure of time or distance from the main occurrence can be

established as a rule to determine what shall be part of the *res gestæ*. Each case must necessarily depend upon its own circumstances to determine whether the facts offered are really part of the same continuous transaction, . . . 'the *res gestæ* are the circumstances which are the undesigned incidents of the litigated act, which are admissible when illustrative of such act. These incidents may be separated from the act by a lapse of time more or less appreciable. . . . Their sole distinguishing feature is that they should be the necessary incidents of the litigated act; necessary in this sense, that they are part of the immediate preparations for, or emanations of, such act, and are not produced by the calculated policy of the actors:'" Com. *v.* Werntz, 161 Pa. 591, 596.

In Zukowsky *v.* P. & R. C. & I. Co., 270 Pa. 118, the deceased, who was a healthy man and had worked regularly, "immediately made known to his fellow-workmen that he had received an injury in the abdomen while engaged at his work, and on reaching his home complained of pain in his stomach, informed his wife he was 'lifting something in the mines and strained himself,' retired to bed and remained there until his death, three days later, in the meantime 'suffering with copious hemorrhages in the stomach and bowels.' The medical testimony showed the hemorrhages could have been caused by the rupture of a blood vessel, the result of a strain."

In the case just cited, the defence was that the plaintiff failed to produce sufficient evidence to sustain the finding that he met with an accident in attempting to lift a brakestick and thereby suffered the strain which caused his death. The court said, after using the language above quoted: "The evidence referred to is competent and sufficient to support the finding complained of." It will be noted that this evidence included not only the statement to a fellow-workman, but also the complaint to his wife on reaching home.

In Smith *v.* Stoner, 243 Pa. 57, it is held that: "Evidence of declarations of an employee killed in a mine accident, describing the manner in which the accident occurred, are admissible as part of the *res gestæ*, where such declarations were made within half an hour after the accident, and to the first persons who appeared upon the scene, while the declarant, who had been suffering intense pain from the time he was injured, was lying upon the spot where he was hurt."

In the case before us there is no evidence as to how much time elapsed, nor that Staken, whom the deceased told of his injury and to whom he exhibited his hand, was the first person who saw him after the accident, but it is a fair presumption that he was. He was not working in immediate proximity to other workmen. The injury was sufficient to demand immediate treatment when the deceased reached his home, and it may be assumed that it was sufficient to cause the injured man to remark about it to the first person whom he saw. The remark was made where Radle was working.

In McCauley *v.* Imperial Woolen Co., 261 Pa. 312, 325, it is said: "It is to be kept in mind that statutes of the character of the one now before us contemplate liberality in the admission of proofs and the inferences reasonably to be drawn therefrom."

In Van Eman *v.* F. & C. Co., 201 Pa. 537, the following language is used: "It may be that the statement of the deceased, made to his wife several hours after he had left the train, ought not to have been received as part of the *res gestæ*, and we do not understand that it was offered as such.

"When the husband reached his home with his aching arm, the one person for whom he first looked and to whom he would first tell the simple truth

2 D. & C.

was his wife. He might have said nothing to any passenger on the train, nor to any friend or passerby on his way home; but there he would tell what had happened, and, first of all, to the one to whom he would naturally turn for attention and comfort. Human experience teaches us that he would speak the truth to her, and that he would tell her just what had happened to him, as he would have told it, if he had spoken, to those about him when he awoke in the car with his helpless arm at his side. At no time could he have told just how he had been injured, for he was asleep when his arm was knocked from under his head; but he gave a reasonable theory of how he had been hurt. Any statement he might have made at the instant he was hurt, as to the cause of the injury, would have been evidence as part of the *res gestæ*. The law presumes that, having so spoken on the instant, without premeditation, and as soon as he found he had been injured, he would speak the truth; but, whether this presumption should extend to what the deceased told his wife, and she ought to be allowed to repeat it as part of the *res gestæ*, we need not decide, for, even if she ought not to have been allowed to tell it, this judgment will not be reversed because she did."

So in this case it is not necessary to rely upon the declarations made to the wife several hours after the injury, although, in the light of what is said in McCauley v. Imperial Woolen Co., 261 Pa. 312, concerning the liberality of proof, that declaration might be regarded as competent.

The underlying circumstances conclusively show that the deceased received his injury in the course of his employment, and the courts have held that where the circumstances lead to such a fair inference, where there are no facts indicating anything to the contrary, the Workmen's Compensation Board has a right to base a finding upon such circumstances: Flucker v. Carnegie Steel Co., 263 Pa. 113; McCauley v. Imperial Woolen Co., 261 Pa. 312. In the last case the deceased died of anthrax, and it was contended that there was no evidence outside of hearsay evidence to sustain the finding of the referee. The court said, page 324: "But we concur in the view of the court below that the other facts in the case constitute circumstantial evidence, which, together with the competent and relevant parts of the expert professional testimony already referred to, was adequate to sustain the referee's allowance of compensation. In other words, under the circumstances of this case, deceased apparently not having been where he was liable to become inoculated with external anthrax, except at his work, and he, as he left defendant's mill on the day in question, having shown symptoms of that disease by the mark upon, and swelling of, his neck, the inference may reasonably be drawn, in view of the nature of the work on which he was engaged, that the inoculation occurred during the course of his employment; or, as said by one of the doctors, in all probability 'the disease was caused by the anthrax germ entering through the skin by reason of a 'sticker' from the wool which deceased handled during the day.' "

Radle went to work without a cut or a scratch. He came from work, having received a cut that required immediate treatment. There was no evidence that he was any place else except in the mine. He died as the result of the cut. We think, under the principles of all the cases, there is proof of circumstances to justify the finding of the board, even without resort to the declarations of the deceased made to his fellow-workman, his wife and his son. But we further hold that the declaration made to the fellow-workman is competent, and that the evidence of that declaration and of the other circumstances is abundantly sufficient to justify the findings.

Radle *v.* Susquehanna Coal Company.

For these reasons the exceptions to the findings of the Workmen's Compensation Board are overruled, the appeal dismissed, at the cost of the appellant, and the award of the board hereby confirmed.  The prothonotary is hereby directed to certify this judgment to the Workmen's Compensation Board.

From William Jenkins Wilcox, Harrisburg, Pa.