## Knorr *v.* Central Railroad of New Jersey, Appellant.

*Workmen's compensation—Railroads—Master and servant—Employee traveling on pass to and from work—Breaking continuity of employment—Interstate commerce—Evidence—Burden of proof.*

1. A railroad employee who accepts and uses free transportation to and from his work, is not to be regarded as a passenger, but as an employee under his general employment, and the fact that he stopped for a short period on his way home, to transact some personal business of his own, temporarily suspending his employment, will not break the continuity of such employment when he again boards the train.

2. A railroad fireman, called to work a train made up partly of cars shipped from points outside of the State, who, after such work has been completed, registers and checks out, and, after attending

to some personal business, proceeds home on another train on which he has free transportation, and is accidentally killed while riding on a car of such train, is not engaged in interstate commerce at the time of his death, where he has been working under general employment.

3. Had he been injured after he checked out and was in the act of leaving the yard or the premises where he had been working, it seems that the character of the employment he had just left would follow him as a necessary incident of the day's work and partake of the character of that work as a whole, which was both interstate and intrastate, and in that case the company would not be liable.

4. The interstate relation ceased when he left the premises, and the general employment was then resumed.

5. The character of the commerce a railroad's employee is engaged in, is to be determined by the work he was actually doing when injured.

6. Where a railroad employee is injured in the course of his employment, the burden is on his employer to show that the facts were controlled by the Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665) which makes negligence the test of liability.

Argued May 12, 1920.   Appeal, No. 26, Jan. T., 1920, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1919, No. 299, reversing decision of Workmen's Compensation Board which had reversed the report of the referee awarding compensation, in case of Edna May Knorr v. Central Railroad of New Jersey.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Appeal from decision of Workmen's Compensation Board.   Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

The court reversed the decision of the Compensation Board, which had reversed the award of the referee. The defendant appealed.

*Error assigned,* among others, was judgment of court, quoting it.

*Jacob C. Loose,* for appellant, cited: Erie R. R. v. Winfield, 244 U. S. 170; Flucker v. Carnegie Steel Co., 263 Pa. 113.

*Roger J. Dever,* for appellee, cited: Erie R. R. v Winfield, 244 U. S. 170; North Carolina R. R. v. Zachary, 232 U. S. 248; Hench v. Penna. R. R., 246 Pa. 1; Chicago, B. & Q. R. R. v. Harrington, 241 U. S. 177.

OPINION BY MR. JUSTICE KEPHART, June 26, 1920:

Wheeler Knorr was employed by the Central Railroad of New Jersey as an extra fireman. He lived at Mountain Top, Luzerne County; his work commencing at Ashley, sixteen miles distant. The company furnished him a system pass over its railroad and a plane train (an independent operation of the company) to ride to and from his work. On November 12th, he was called to assist in taking a train from Ashley to Taylor, returning the same day with a train made up partly of cars shipped from points outside the State, and thus he was engaged in interstate commerce. Upon arriving at Ashley, decedent, with other members of the crew, registered and checked out, the day's working having been ended. After attending to some personal business in the town, Knorr proceeded by way of the plane train to reach his home, and while riding in a car on this train was accidentally killed, having been struck by an overhead bridge. A claim was made by his widow for compensation, which was allowed by the referee. On appeal to the board, by agreement, the same evidence taken before the referee was used and it was found "that the employer and employees were at the time of the accident both engaged in interstate commerce......and......this board has no jurisdiction." This conclusion of law was reversed by the court below and the employer takes this appeal, urging that deceased was not killed in the course of employment or if so he was en-

gaged in interstate commerce when injured and appellant would not be liable under the Compensation Act.

In accepting and using free transportation to and from work, Knorr was not to be regarded as a passenger but as an employee, in this case under general employment, which began when he boarded the train at Mountain Top and continued until he entered the particular premises where he was to perform the special work designated by the employer. This service from the place of residence to the place of work, using the facilities furnished by the company, was useful to the company; and the place of residence, while a matter of convenience to him, was nevertheless beneficial to the employer, being within easy reach of his place of work, and appellant would require it to be so. His transportation may be regarded as a privilege incidental to the contract of service, if it is not a part of his compensation: Vick v. N. Y., etc., R. R. Co., 95 N. Y. 267, 271; Tex. & Pac. Ry. Co. v. Smith, 67 Fed. 524, 526; Ionnone v. N. Y., etc., R. R. Co., 21 R. I. 452, 454. The pass was therefore beneficial to both employer and employee and, when his labors were over, the mere fact that he stopped for a short time to transact business in the town, would not break the continuity of his general employment which arose after his special labor had ceased, when he had registered, checked out, and left the premises to go to a railroad independent, disconnected, and separated from the line upon which he was working. True, while off the premises on his journey to the plane train, or in the town, his employment was suspended but it was immediately resumed when he boarded the plane train. This break in the chain of events only emphasizes the assertion he was not injured while engaged in interstate commerce. On the road that he worked he had no regular run engaged in such commerce, nor was he assigned in order "first in, first out" but was called for specific or special services occasioned by the absence of the regular man. He learned the character of this work when he

reached Ashley. Had he been injured after he checked out and was in the act of leaving the yard or the premises of the appellant where he had been working, the character of the employment he had just left would follow him as a necessary incident of his day's work and partake of the character of that work as a whole, which was both interstate and intrastate. His employment would have been in both but as related to the company's liability it would be held to be interstate work for which appellant would not be liable: Erie R. R. v. Winfield, 244 U. S. 170, 173; but the interstate relation ceased when he left the premises; and, under the terms of his general employment, exercising a privilege incidental to that employment, he boarded the plane train at Ashley, and, still continuing in the general employment, received the injury that caused death. At that time he was not engaged in interstate commerce. To relieve appellant from the obligation of the act, where it appears an injury was received in the course of employment, the burden is on the employer to show the facts are controlled by the Federal Employers' Liability Act which makes negligence the test of liability, "And the true rule apparently is, that to come within the range of interstate commerce the work must bear directly and not remotely thereon......and the burden is on the defendant, who interposes the federal statute, to prove facts necessary to bring the case within its terms": Di Donato v. P. & R. Ry. Co., 266 Pa. 412; Reynolds v. P. & R. Ry. Co., 266 Pa. 400.

The character of the commerce the employee was engaged in is to be determined by the work he was actually doing when injured: Hench v. Penna. R. R., 246 Pa. 1, 9; Ill. Central R. R. Co. v. Behrens, 233 U. S. 473; Chicago, etc., R. R. v. Harrington, 241 U. S. 177, 180. This case bears strong resemblance to Minneapolis, etc., R. R. v. Winters, 242 U. S. 353, 356, 357; and is clearly distinguishable from N. C. R. R. Co. v. Zackary, 232 U. S.

248; Erie R. R. Co. v. Winfield, supra, and St. Louis, etc., R. R. Co. v. Seale, 229 U. S. 156.

The judgment is affirmed.