## Stahl v. Watson Coal Co., Appellants.

*Workmen's compensation—Findings—Evidence—Review.*

1. On appeal from decision of the Workmen's Compensation Board, the question whether or not there is any evidence to support a finding of fact, is one of law and may be reviewed; but, if there is evidence to support it, the finding cannot be reviewed even though the court possibly would have found the fact differently.

2. Where a finding of fact is sought to be inferred from other basic or underlying facts, the question whether or not there is any evidence to support the findings in regard thereto is one of law and may be reviewed; but, if there is such evidence, the findings cannot be reviewed even though the court possibly would have found those facts differently.

3. Whether or not a vital fact can fairly be deduced from certain basic or underlying facts found, is one of law and may be reviewed; but if it can be, the finding cannot be reviewed even though the court probably would have found the fact differently.

Argued October 5, 1920. Appeal, No. 97, Oct. T., 1920, by defendants, from order of C. P. Indiana Co.,

Sept. T., 1919, No. 378, reversing decision of Workmen's Compensation Board which affirmed disallowance of compensation by referee, in case of Sarah Minerva Stahl v. Watson Coal Co., defendant, and Ætna Life Insurance Co., Insurance Carrier. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Appeal from decision of Workmen's Compensation Board. Before LANGHAM, P. J.

From the record it appeared the board sustained the finding of the referee disallowing compensation for the death of D. W. Stahl, plaintiff's husband.

The opinion of the Supreme Court states the facts.

*Error assigned* was order of court, quoting record.

*William A. Challener,* with him *Clarence Burleigh,* for appellants.—The findings affirmed by the board were conclusive: Poluskiewicz v. R. R., 257 Pa. 305; Messinger v. R. R., 261 Pa. 336; Gallagher v. Mfg. Co., 264 Pa. 29; McGurrin v. Coal Co., 264 Pa. 230; Hancock v. Ry., 264 Pa. 220; Belmonte v. Connor, 263 Pa. 470; Flucker v. Steel Co., 263 Pa. 113; McCauley v. Imperial Woolen Co., 261 Pa. 312.

*James L. Jack,* with him *S. M. Jack,* for appellee, cited: Flucker v. Steel Co., 263 Pa. 113; Gallagher v. R. R., 72 Pa. Superior Ct. 124.

OPINION BY MR. JUSTICE SIMPSON, December 31, 1920:

Plaintiff filed a petition under the Workmen's Compensation Law of June 2, 1915, P. L. 736, praying an award in her favor because of the death of her husband while an employee of defendant. The referee, to whom the case was referred, found as a fact that decedent was not injured in the course of his employment, and therefore dismissed the petition. This ruling was affirmed by

the Workmen's Compensation Board; but on appeal to the court of common pleas it was held to be a "mixed finding of law and fact," and, without considering how much of it was law and how much was fact—though only by so doing could the court determine the extent of its jurisdiction to review the finding—it reversed the referee and board on this vital point and entered a judgment for plaintiff; whereupon defendant prosecuted this appeal.

The extent to which the courts may go in reviewing a finding of fact in cases of this character, ought to be well understood; but, as it seems to be a subject of perennial dispute, it may not be inappropriate to again state it as succinctly as possible. If the vital point in dispute is claimed to have been established by direct proof, the question whether or not there is evidence to sustain it is one of law and may be reviewed; but, if such evidence appears, the finding becomes one of fact and is not the subject of review, though the referee and board might well have decided the point differently, and the court would possibly have done so. In the present case the ultimate fact, as to whether or not decedent was injured in the course of his employment, as defined by the act, is not claimed to be possible of establishment by direct evidence, and hence this may be dismissed from further consideration. Where, as here, this vital point is sought to be inferred from certain basic or underlying facts, which are said to have been proved, the question whether or not there is evidence to support them is one of law and may be reviewed; but, if such evidence appears, the finding is one of fact and is not the subject of review. In the present instance the basic facts, as stated by the referee, are not disputed. The question whether or not the vital point sought to be deduced from the basic facts may fairly be inferred therefrom, is one of law and may be reviewed; but, if it can be, the finding is one of fact and is not the subject of review, though the referee and board might well have concluded differently,

and the court would possibly have done so. All our decisions under the Act of 1915 sustain these conclusions, but reference need be made only to McCauley v. Imperial Woolen Co., 261 Pa. 312, and Flucker v. Carnegie Steel Co., 263 Pa. 113.

A single question arises, therefore: Can the ultimate conclusion that decedent was not killed in the course of his employment, be fairly inferred from the basic facts found by the referee and approved by the board? They are as follows: Decedent was employed by defendant as a special officer to patrol its property at and near its mine, and to arrest suspicious persons trespassing thereon or loitering thereabouts. He had no regular hours of employment, but was subject to be called at any time. On November 10, 1918, he went to work about 6 p. m. and continued until about 3 a. m. the next day, at which time he said he was going home, and took his dinner bucket and left the plant. He was struck and killed by a train of the Pennsylvania Railroad Company, and he and his dinner bucket were found about 7 a. m. in a ditch on its right-of-way, which he frequently used in walking to and from his home. The place where his body was found was about twelve hundred feet from defendant's mine, but it had an interest in the property on either side of the railroad at this point.

If we were to agree with the court below that—in view of the character of decedent's services and his proximity to defendant's property at the time and place he met his death—the referee and board might have found he was still attending to the duties of his employment while on his way home (though there is no finding that either on this or any other occasion he was expected to or did perform or undertake to perform any services for defendant after he started therefor), this would not be sufficient to sustain the court below in overruling their conclusion; for it was not the only inference which could fairly be drawn from the basic facts. On the contrary, a permissible and indeed the natural inference is that

decedent had for the time being quit the employment, had left the company's property, was doing nothing for it, but was simply carrying out his announced intention of going home. This being so, under the principles hereinbefore stated, the court erred in overruling the conclusive finding of fact of the referee and board on this point.

The judgment of the court below is reversed, and that of the Workmen's Compensation Board is reinstated and affirmed.