## Strohl *v.* Eastern Pennsylvania Railways Company et al., Appellants.

*Workmen's compensation—Review of evidence—Acts of June
2, 1915, P. L. 736, and June 26, 1919, P. L. 642.*

1. Since the passage of the Act of June 26, 1919, P. L. 642, the
courts are required, on appeals thereafter taken from the decisions
of the Workmen's Compensation Board to consider whether there is
evidence to support the findings of the board, and, if there is,
whether the law has been properly applied thereto.

*Workmen's compensation—Master and servant—Railroads—Passenger riding on pass.*

2. The relation of employer and employee may exist notwithstanding the labor to be performed and the compensation to be
paid are comparatively insignificant.

3. An employee may have concurrent contracts of employment
with two or more employers.

4. One who has given to a common carrier a valuable consideration for a pass issued by it, occupies the position of a passenger
while being carried, and is entitled to damages for an injury negligently inflicted, exactly as any other passenger would be; and this
is so even though the consideration for the pass was his general
services to the carrier.

5. One riding on a pass under such circumstances is not entitled
to recover under the Workmen's Compensation Act of June 2, 1915,
P. L. 736.

6. Knorr v. Central Railroad Company of New Jersey, 268 Pa.
172, considered and distinguished.

Argued March 7, 1921. Appeal, No. 194, Jan. T.,
1921, by defendants, from judgment of C. P. Carbon Co.,
Oct. T., 1919, No. 38, sustaining decision of Workmen's
Compensation Board, confirming award of referee, in

case of Francis Strohl v. Eastern Pennsylvania Railways Co. and the Hartford Accident & Indemnity Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Appeal from decision of Workmen's Compensation Board confirming award of referee. Before BARBER, P. J.

The opinion of the Supreme Court states the facts.

The court affirmed the decision of the Workmen's Compensation Board. Defendants appealed.

*Error assigned,* among others, was decree, quoting it.

*Geo. Ross Hull,* for appellant.

*Roger J. Deever,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, March 28, 1921:

The appeal from the decision of the Workmen's Compensation Board in this case having been taken after the passage of the Act of June 26, 1919, P. L. 642, we are required to consider whether there is evidence to support the findings of the board and the court below; and, if there is, whether the law has been properly applied thereto: Kuca v. Lehigh Val. Coal Co., 268 Pa. 163. The question to be decided is, was plaintiff's relation to defendant, at the time of the accident, that of an employee or passenger? The basic facts, which are undisputed, are as follows:

Plaintiff was an employee of the Lehigh Coal & Navigation Company, operating electric motors and rotaries at its substation at Nesquehoning, Pa., from which point it furnished electricity to defendant, the quantity thereof being registered and transmitted through two rotary machines installed there by defendant. Originally the latter sent one of its regular employees each month to report the amount registered, paying him for his time and giv-

ing him free transportation over its lines both going and returning; but, desiring to have daily readings taken of the quantity of current consumed, it requested plaintiff to examine the meters at the end of each day he was working for the navigation company, to enter the amounts thus ascertained upon blanks furnished by defendant, and to deliver them to any conductor of its trolley cars. As a consideration for this, plaintiff was given an employee's pass, with individual tickets attached, each of which entitled him to a ride, either way, between his home and the substation. There was thus established between them the relation of employer and employee, notwithstanding the comparatively insignificant extent of the labor and compensation, and though he was concurrently an employee of the navigation company during a part of the time, that is, after his actual work for it had ceased and he went to take the state of the meter, until he left its premises. The possibility of such a concurrent contract of employment is expressly recognized in section 309 of the Workmen's Compensation Act.

On the day of the accident plaintiff had read the meter, had entered the result upon the blank furnished, had left the premises of the navigation company, and had stepped upon a car of defendant and given his report and a ticket from the pass book to the conductor of the car, intending thereon to continue his journey home. Shortly afterwards however, it was derailed and plaintiff suffered an injury, to recover compensation for which he filed a claim petition with the Workmen's Compensation Board. The referee, board and court below awarded compensation; and, from the judgment of the latter, defendant now appeals, and presents for our consideration two questions: (1st) Was plaintiff at any time an employee of defendant? This we have already answered. (2d) Did the relation of employer and employee continue until the time of the accident? This is the real question in the case.

In Knorr v. Central Railroad Co. of New Jersey, 268 Pa. 172, we held that an extra fireman of that company, who was compensated in part by a pass, entitling him to ride over its railroad while going to and from his work, was an employee and not a passenger during the time he was being thus transported. The distinction between that case and this is apparent, however, for there plaintiff had no regular hours of employment, but was required to hold himself in readiness at his home, to be called upon duty at any time, and to respond at once when called; and hence must be considered on duty from the time he left his home until he returned thereto. Moreover, in the present case, the reading of the meter and reporting the result thereof was but an incidental matter, undertaken only because plaintiff had to be at the substation in order to do the work required of him by the navigation company. Doubtless he would not have undertaken it otherwise; whereas in Knorr v. Central R. R. Co., supra, the journey was taken expressly in the line of Knorr's only employment and in order to enable him to continue his work.

Appellee concedes plaintiff was not actually engaged in the business of defendant after he delivered the record to its conductor, his connection with its business then being wholly ended, and he journeying home exactly as he did before he took this incidental employment, and as he would have done had he never taken it. The tickets he received were his pay for what he did, and the pass was not a free pass, but one issued for a valuable consideration, entitling him to claim for any damages suffered by defendant's negligence, exactly as any other passenger was entitled to do (Penna. R. R. v. Henderson, 51 Pa. 315; Hanover Junction, etc., R. R. Co. v. Anthony, 3 Walker 210; Camden & Atlantic R. R. Co. v. Bausch, 4 Sadler 518; Rowdin v. Penna. R. R. Co., 208 Pa. 623; Wilkes v. Buffalo, Rochester & Pittsburgh R. R. Co., 216 Pa. 355; New York Central R. R. Co. v. Lockwood, 84 U. S. 357), and this even though he was being

carried as a part of the consideration for his general services to defendant: O'Donnell v. Allegheny Valley R. R. Co., 59 Pa. 239, 247; McNulty v. Penna. R. R. Co., 182 Pa. 479; Goehring v. Beaver Valley Traction Co., 222 Pa. 600; Dugan v. Susquehanna Coal Co., 241 Pa. 565, 569; Elmer v. Pittsburgh Rys. Co., 251 Pa. 505. The point is well put in O'Donnell v. Allegheny Valley R. R. Co., supra: "the plaintiff, O'Donnell, traveled not as a part of his employment as a carpenter at the bridge, but as a passenger from and to his home. He was not hired to pursue his business on the train, but was carried in consideration of a reduction in the price of his wages. When his day's work was performed he was no longer in the service of the company, but was free to go or to stay, and when he traveled in effect paid his fare out of his wages." In some other jurisdictions a different conclusion is reached as to the relation of the parties under such circumstances, but with us the rule is too well settled to be shaken now. No case even qualifies the conclusion stated, where the employee is being transported as part of the compensation for his services, unless it is Knorr v. Central Railroad Co. of New Jersey, supra, and the distinction between it and the cases above cited has already been pointed out.

It follows that plaintiff, being a passenger, cannot maintain this proceeding under the Workmen's Compensation Act as if he were an employee.

The judgment of the court below is reversed.