## Logan *v.* Pot Ridge Coal Co. et al., Appellants.

*Workmen's Compensation Act—Injuries received while not work-ing—Returning from work—Dependency — Minor child — Mother not dependent.*

A coal company that provides transportation to and from its mines for employees who live several miles away is responsible to the dependents of an employee for the compensation awarded by the act, when his death is caused by the breaking of a part of the truck, provided by the company, while it was carrying him from the mines to the place where he lived.

A dependent child is entitled to compensation for the death of her father, regardless of the fact that the mother of the child, had been supporting herself, and was not dependent upon the deceased.

Submitted April 11, 1922. Appeal, No. 127, April T., 1922, by defendants, from judgment of C. P. Somerset County, Sept. T., 1921, No. 379, dismissing appeal from award of Workmen's Compensation Board, in the case of Mary D. Logan v. Pot Ridge Coal Company, defend-ant, and Pennsylvania Bituminous Mutual Association, Insurance Carrier. Before ORLADY, P. J., PORTER, HEN-DERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court below dismissed the appeal. Defendants ap-pealed.

*Error assigned* was the judgment of the court in dis-missing the appeal.

*Harry J. Nesbit* and *Ernest O. Kooder,* for appellants. —The plaintiff had finished his work for the day, and was not injured in the course of his employment: Strohl

v. Eastern Pa. Rys. Co., 270 Pa. 132; Schott v. P. R. R. Co., 76 Pa. Superior Ct. 582.

*F. A. Millott,* for appellee.

OPINION BY LINN, J., July 13, 1922:

Defendant and its insurance carrier appealed from an order affirming an award by the Workmen's Compensation Board in favor of decedent's child. Two questions arise; first, whether an employee's death occurred "in the course of his employment," as that phrase is used in section 301 of the Act of June 2, 1915, P. L. 736; second, whether the decedent's minor child is dependent within the terms of the statute.

1. Decedent was employed by the coal company as an engineer at its mine. He lived at Windber, several miles away. As part of the contract of employment, the company furnished a motor truck by which its employees were hauled from Windber to the mine in the morning, and back in the evening. On a return trip the end gate of the truck broke, and decedent was thrown out and killed. The accident occurred at about 4:30 p. m. The hours of labor began at 7 a. m. and ended at 4 p. m., between which, eight hours of actual work were to be performed. When the accident occurred, decedent had actually performed all the labor required of him that day by the contract of employment. Appellants accordingly contend that as his actual labor had ceased at four o'clock, compensation is not payable for what happened thereafter.

We need not elaborate the meaning of the phrase "in the course of his employment" as it has been discussed at length in a number of recent decisions, among them: Dzikowska v. Steel Co., 259 Pa. 578; Lane v. Horn, etc., Co., 261 Pa. 329; Blouss v. R. R. Co., 73 Pa. Superior Ct. 95; Spizzirri v. Krouse, 73 Pa. Superior Ct. 476; Hale v. Savage Brick Co., 75 Pa. Superior Ct. 454; Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335; Schott v. Railroad Co., 76 Pa. Superior Ct. 582; Gurski v. Coal

Co., 262 Pa. 1; Haddock v. Steel Co., 263 Pa. 120; Knorr v. R. R. Co., 268 Pa. 172; Strohl v. Rys. Co., 270 Pa. 132; Chase v. Mfg. Co., 271 Pa. 265; Callihan v. Montgomery, 272 Pa. 56; Maguire v. Lees, etc., Co., 273 Pa. 85.

Appellants state their contention as follows: "We therefore have the situation of an employee working steadily at a regular employment, day after day, and provided with a means of conveyance to and from his working place which he could use if he so desired. His actual work was finished and he was on his way home, riding on this conveyance, when he met with the accident." Accordingly, it is said, the "course of his employment" ceased because decedent's "actual work" was finished.

The contention disregards the fact that, though his work was over, the contract of employment still required the coal company to take him back to Windber. The cited cases hold that employment at "actual work" does not have the same meaning as "the course of his employment"; that injuries requiring compensation may occur in the course of employment, when an employee is not at actual work. The coal company was not a carrier of passengers; it derived advantage by taking its employees to and from work; the course of employment had begun when the men were carried to work in the morning, and it had not terminated when on their way home on the company's truck in the evening.

2. The second contention grows out of the following situation: At the time of decedent's death, he was not living with his wife. They were married in 1904, and separated in 1910. In 1916 a support order was made by the Quarter Sessions of Somerset County, and he was sent to jail for failure to pay. He was released, as the compensation board has stated, "with the understanding that he should make payments." He did so at irregular intervals until July 1, 1918. At the time of his death, his wife was "not actually dependent upon him for support but was, as stated [by the board] supporting herself

and not only supporting herself, but had abandoned the hope of being supported by the deceased." The parties had a child, Ruth Logan, the appellee, who was born in 1906. For her, until she attained the age of sixteen, an award was made to her guardian. Appellants' suggestion is that the minor child is not a dependent within the meaning of the statute because decedent's abandonment of his wife "was conclusive upon the child." A child's dependency upon its father is not to be ascertained by the unlawful refusal of the father to support his wife and as no other objection is made to the award, we cannot sustain the appeal.

The judgment is affirmed.