## Dunn *v.* Trego (et al., Appellants).

*Workmen's compensation—Injury in course of employment— Transportation of workman to his home—Act of June 2, 1915, P. L. 736.*

1. The Workmen's Compensation Act of June 2, 1915, P. L. 736, is to be liberally construed.

2. Where a corporation, owing to labor shortage, engages a workman living at a considerable distance from its plant, and, as an inducement to him and for its own advantage agrees, in the contract of employment, to transport without charge the workman to and from his home, an injury received by the workman on a journey to his home in a truck hired by his employer, is an injury in the course of employment, and compensable under the act. Strohl v. Eastern Pa. Rys. Co., 270 Pa. 132, distinguished.

Argued January 21, 1924. Appeal, No. 36, Jan. T., 1924, by defendants, from order of C. P. No. 5, Phila. Co., March T., 1920, No. 1130, affirming decision of Workmen's Compensation Board, in case of John Dunn v. Samuel C. Trego and North Chester Realty Co., and General Accident Fire & Life Assurance Corporation, insurance carrier for North Chester Realty Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board, which affirmed award of referee in favor of claimant.

The opinion of the Supreme Court states the facts.

Decision affirmed. North Chester Realty Co. and General Accident Fire & Life Assurance Corp., insurance carrier, appealed.

*Error assigned* was, inter alia, order, quoting it.

*Andrew R. McCown,* for appellants.—Claimant was not injured in course of his employment: Maguire v. James Lees & Sons Co., 273 Pa. 85; Rotolo v. Furnace Co., 277 Pa. 70.

*John P. Betz, Jr.,* and *George C. Klauder,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 25, 1924:

Defendant and its insurance carrier appeal from an award of the Workmen's Compensation Board, sustained by the court below.

It appears that, in 1918, a labor shortage led the North Chester Realty Co., defendant, who was engaged in a building operation at Upland, Pa., to procure certain skilled labor in Philadelphia. For this purpose it arranged with Trego, one of its foremen, who at the time was furnishing truck service in connection with the work, to procure workmen, and to transport Philadelphia laborers to and from the operation; the arrangement being that, whenever Trego rendered such service, he was to be paid for the use of his trucks from the time they left the garage in West Philadelphia until they returned there, but, when no such transportation was furnished, Trego was paid only for the time his trucks were actually used at Upland. About October 16, 1918, Trego, acting for defendant company, employed John Dunn, claimant in this case, to work on the operation as a lather; the agreement was that he should actually work only ten hours,—between 7:00 a. m. and 5:30 p. m.,—but should be paid for eleven hours. Trego told Dunn

to report at his garage the first morning at six o'clock, to ride to Upland on one of the trucks; claimant did so, and continued to use this means of getting to and from Upland until October 30, 1918. On the evening of that day, while Dunn, with some fellow workmen, was riding home, the truck hit a rut and claimant was thrown and so injured as to necessitate the amputation of his right leg above the knee.

The compensation board properly found that "an implied term of the contract of employment was that transportation was to be furnished to the claimant by his employer"; that this "was furnished on a truck hired by defendant company and used by it in its business"; and, finally, that, "while riding thereon from the place of employment, claimant was in the course of employment, and is entitled to compensation for the injury suffered at that time."

These findings were followed by the court below. The one as to an implied contract is unattacked by appellants, their contention being that, notwithstanding the agreement to furnish him transportation, Dunn was not injured "in the course of his employment," as that term is defined in section 301 of the Act of June 2, 1915, P. L. 736, 738. They maintain that an employee, to recover under the act, must either be injured on premises occupied by or under the control of his employer, or be actually engaged in the furtherance of the business affairs of the employer, and that claimant was not injured when in either one of these situations.

We, with most other courts, have from the beginning put a liberal construction on the Workmen's Compensation Act (Maguire v. James Lees & Sons Co., 273 Pa. 85, 88), and the court below, with this attitude in mind, did not err in holding that Dunn was injured in the course of his employment. The terms of the employment included the transportation of claimant to and from Philadelphia, and he was injured while availing himself of this arrangement made by his employer. The

board found that the transportation was an inducement to enter defendant's service, and it surely was a reason for continuing at work a considerable distance from home; defendant's willingness to provide such conveyance, and the giving of an extra hour's wages, apparently to cover time spent in coming to and going from work, show that the employer regarded the transportation as bearing an intimate connection with the actual construction work. The Realty Company saw fit, in advancement of its own purposes, to furnish this transportation, and we cannot say the compensation authorities and the court below erred in holding that its employees, when thus engaged, were "actually engaged in the furtherance of the business of the employer" within the meaning of the Compensation Law.

Our present conclusion is entirely consistent with the prior decisions of both this court and the Superior Court. Where no transportation is furnished by the employer, and the employee, having completed his duties, leaves the premises of his master, and starts home, his employment will usually be regarded as ended: Stahl v. Watson Coal Co., 268 Pa. 452. Moreover, the fact that the employee must necessarily go home from work, and that the customary route, beyond the employer's premises, leads to a known point of danger, will not, as a rule, require the payment of compensation for an injury received there: Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70. In such cases, if the accident happens after the employee has left the premises of his employer, the claimant, to recover, must show that at the time he was "actually engaged in the furtherance of the business or affairs of his employer": Maguire v. James Lees & Sons Co., supra. However, these words of the act do not demand that the claimant show he was actually expending effort for the benefit of his employer at the moment of the accident; contracts for services may include obligations on the part of the master as well as the servant, and the employee, by partaking of those rights or privileges of

the contract, which the employer has presumably made
for his own advantage, may well be engaged in the pro-
motion of the latter's business (particularly where, as
here, the evidence indicates the employer, itself, so
viewed the situation existing when the accident hap-
pened). This thought explains our decision in Knorr
v. Central R. R. of N. J., 268 Pa. 172, where a fireman,
having finished his day's work and boarded a train to go
home, was held, by virtue of the free transportation
furnished him by his employer and the other circum-
stances of the case, to be still in the course of his em-
ployment. Similarly, in Logan v. Pot Ridge Coal Co.,
79 Pa. Superior Ct. 421, 423, the Superior Court sus-
tained an award where the facts bore a striking resem-
blance to those now before us. There, as here, the con-
tract of employment required defendant to take claimant
back to his home after the latter's set hours of labor had
expired, and the court properly held that "injuries re-
quiring compensation may occur in the course of employ-
ment when an employee is not at actual work; the
[defendant] company was not a carrier of passengers,
but derived advantages by taking its employees to and
from work, and the course of employment had begun
when the men were [being] carried to work in the morn-
ing and had not terminated when [being carried] on
their way home......in the evening."

Appellants rely chiefly on Strohl v. Eastern Pa. Rys.
Co., 270 Pa. 132, which may be readily distinguished
upon its unusual facts. In that case claimant was pri-
marily employed by the Lehigh Navigation Co. in one
of its substations, from which electric current was sup-
plied to defendant street car company, the amount being
recorded on meters. Desiring a daily report of the meter
readings, the railway company arranged with claimant
to enter these figures on a blank, and hand it to the con-
ductor of the car on which he rode home; in consider-
ation for this slight service or "incidental" employment
(p. 135) by defendant, he was given a pass on its line.

The accident which gave rise to the claim happened by a derailment, after the meter report for the day in question had been handed to the conductor of the car on which claimant was riding. We held that at the moment of injury plaintiff occupied the position of a passenger and not that of an employee; therefore he could sue for negligence but might not claim under the Workmen's Compensation Law.

The distinction between the Strohl Case and the one before us lies in this: In the first instance, claimant took the pass in payment for an incidental employment, which did not cause him to journey home in any different manner than his primary employment required, and when he delivered the record his employment ended, and he became a passenger; whereas, in the present case, a labor shortage caused defendant, for its own advantage, to contract to carry claimant back and forth to its building operation (the compensation authorities having expressly found the transportation was furnished as "an inducement to him......to go to this place to work"), and, when being so carried, he was still an employee acting "in the course of his employment." The decision in Schott v. Penna. R. R. Co., 76 Pa. Superior Ct. 582, also relied on by appellants, is another instance of the cessation of employment upon boarding a home-bound train, in which the claimant was carried, not as an employee, but as a passenger.

We do not mention the cases from other jurisdictions, cited as authorities, for the compensation acts in different states vary in material respects: see Maguire v. James Lees & Sons Co., 273 Pa. 85, 88.

The judgment is affirmed.