## Bossard v. Nallin & Jennings Park Company and United State Fidelity & Guaranty Co., Appellants.

*Workmen's Compensation—Injuries off the premises—Course of employment—Furtherance of employer's business—Special work—Act of June 2, 1915, P. L. 736, section 301.*

In a claim under the Workmen's Compensation Act there was evidence that the deceased was injured on his way home, after feeding his employer's team of horses on Sunday. The evidence showed that this was not extra work for which he was specially paid, but was a part of his regular duties for which compensation was included in his weekly wages.

Under such circumstances an injury received off his employer's premises, while returning home, is not in the course of employment nor in the furtherance of his employer's business within the meaning of the Workmen's Compensation Act.

The term "course of employment" does not cover the time going to or from work, not on the employer's premises, after or before regular or extra working hours; and the phrase "actually engaged in furthering the business of the employer" does not include leaving the premises after work, either to return home or to prepare one's self to enter a new engagement for the employer by the performance of extra work.

Cymbor v. Binder Coal Co., 285 Pa. 440, distinguished.

Argued March 5, 1928. Appeal No. 29, February T., 1928, by defendants from judgment of C. P., Lackawanna County, March T., 1927, No. 512, in the case of

302    BOSSARD *v.* N. & J. PK. CO. & U. S. F. & G., Ap.

Statement of Facts—Opinion of the Court.    [93 Pa. Superior Ct.

Ida Bossard v. Nallin & Jennings Park Company and United States Fidelity & Guaranty Company. Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Appeal from award of the Workmen's Compensation Board. Before WATSON, J.

The facts are stated in the opinion of the Superior Court.

The court sustained the award and entered judgment for claimant in the sum of $2,500. Defendant appealed.

*Error assigned* was the order of the court.

*Wm. A. Skinner,* for appellant.—The injuries in question were not received while decedent was engaged in rendering any service of his employer: Maguire v. James Lees & Sons Co., 273 Pa. 85; Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454; Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480; Palko v. Taylor-McCoy C. & C. Co., 289 Pa. 401; Dunn v. Trego, 279 Pa. 518.

*Walter W. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellee.—The decedent died as the result of an accident while in the course of his employment: Cymbor v. Binder Coal Co., 285 Pa. 440; Logan v. Pot Ridge Coal Co., 79 Pa. Superior Ct. 421; Ward v. Atlantic Refining Company, 84 Pa. Superior Ct. 434; Knorr v. Central Railroad of New Jersey, 268 Pa. 172; Haddock v. Edgewater Steel Company, 263 Pa. 120; Kelling v. Froemming Bros., 287 Pa. 471.

OPINION BY KELLER, J., April 16, 1928:

The facts in this case are not in dispute. John Bossard was employed as a teamster by the Nallin & Jennings Park Company, and paid $30 a week for his

labor. As a part of his work he was obliged to feed and groom his employer's team of horses, which were stabled in a barn on the latter's premises. On Sundays his work was confined to this duty, which he did twice a day, morning and evening. He received no special compensation for this work, payment therefor being included in his weekly wages.

On Sunday, October 11, 1925, having fed and bedded the horses for the evening, Bossard left the premises of his employer and started to walk to his home. He did not use the highway which led past his home but took a much-used short cut, walking on the tracks and right of way of the Lackawanna & Wyoming Valley Railroad, and while crossing the trestle which spans Spring Brook, fell from the bridge and was killed. The question at issue is, was he killed in the course of his employment or when actually engaged in furthering the business of the employer?

Had the accident occurred on a week day, claimant admits there would have been no liability. The decisions of our Supreme Court settle the matter beyond question. In Palko v. Taylor-McCoy Coal & Coke Co., 289 Pa. 401, the cases are reviewed, and it was held that the term 'course of employment' does not cover the time going to or from work after or before regular or extra working hours (p. 405); and that the phrase 'actually engaged in furthering the business of the employer' does not include "leaving the premises after work either to return home or to prepare one's self to enter a new engagement for the employer, by the performance of extra work" (pp. 405-6).

Does the fact that the accident occurred on Sunday alter the situation in the circumstances of this case? We think not. Decedent's work in feeding and caring for the horses was not any different from that on week days. It was not extra or special work. It was included in his compensation of $30 a week. The only difference between his labor on week days and on Sun-

days was that on the former he drove the team, while on the latter he did not. On both times his employment began when he arrived at his employer's premises and stopped when he left them; and the time spent in going from his home to his place of employment and from his place of employment back again to his home was not in the course of his employment, nor while doing so was he actually engaged in furthering his employer's business within the meaning of the Workmen's Compensation Act: Shickley v. Phila. & Reading C. & I. Co., 274 Pa. 360; Strohl v. Eastern Pa. Rys., 270 Pa. 132; Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70; Wilkins v. Shannon Coal Co., 82 Pa. Superior Ct. 128; Stahl v. Watson Coal Co., 268 Pa. 452; Maguire v. James Lees & Sons Co., 273 Pa. 85; Houlehan v. Pullman Co., 280 Pa. 402.

The court below based its decision on the case of Cymbor v. Binder Coal Co., 285 Pa. 440, but in our opinion the cases are easily distinguishable on the facts. The Cymbor case recognized the general rule as above stated, to wit, "the undoubted general principle that an injury sustained by an ordinary employee, while going to or from work, not on the employer's premises is not compensable" (p. 442). It was the peculiar state of facts in that case, which is wanting here, that took it out of the general rule. Cymbor was not an ordinary employee. "He was paid by the hour for his work at the mine and extra for starting the pumps at night; for the latter he kept his own time and turned it in every two weeks ...... It took but a moment to start the pumps, the real time was in going to and from. It might be inferred that he charged the actual time he was from home on this errand; in any event he could properly have done so ..... In the instant case, the nightly trip to the mine was in furtherance of the master's business, to do an errand for the master and he was properly on the latter's time, not merely at the moment of start-

ing the pumps, but going and coming as well'' (pp. 441-2). It was because of the special circumstances of Cymbor's employment, which covered the time going to and coming from the premises to start the pumps, and for which he was paid extra by the hour, that it was held that the general rule did not apply and that the claimant was entitled to recover; bringing the case more nearly within the principles laid down in Haddock v. Edgewater Steel Co., 263 Pa. 120; Kelling v. Froemming Bros., 287 Pa. 471; Messer v. Mfrs. Light & Heat Co., 263 Pa. 5; Knorr v. Central R. R. of N. J., 268 Pa. 172; Dunn v. Trego, 279 Pa. 518; and Logan v. Pot Ridge Coal Co., 79 Pa. Superior Ct. 421. The Supreme Court so grouped them in Campagna v. Ziskind, 287 Pa. 403, 409.

These peculiar circumstances are, as before pointed out, wholly lacking in this case. The work which Bossard performed on Sundays differed in no respect from that done on week days, except that he did no hauling on Sundays. His compensation for his Sunday work was covered by his regular weekly wages, and he was no more engaged in furthering the employer's business on his journey to and from his work on Sundays than he was on week days.

The Referee drew an erroneous conclusion of law from the agreed statement of facts, which was followed by the Board and the court below. As the conclusion does not rest on a basis of fact, it may be corrected here: Stahl v. Watson Coal Co., supra.

The judgment of the court below is reversed and the order allowing compensation set aside. See Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, 486.