Morucci, Appellant, v. Susquehanna Collieries Co.

Argued April 15, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Roger J. Dever,* for appellant.—The employment does not end until a reasonable opportunity for departure from the working place had been afforded which may cover the period required for transportation home: Malky v. Coal Co., 278 Pa. 552; Logan v. Coal Co., 79 Pa. Superior Ct. 421; Knorr v. R. R., 268 Pa. 172; Dunn v. Trego, 279 Pa. 518; Tolan v. C. & I. Co., 270 Pa. 12.

These findings of fact by the compensation board, supported by competent evidence, are final on the court on appeal: Kuca v. Coal Co., 268 Pa. 163, 165; Roach v. Lever Co., 274 Pa. 139, 141; Watkins v. Coal Co., 278 Pa. 463, 465.

The general rule is that an employee who has finished his work is under the Compensation Act, until he had completely left the plant or at least has had sufficient time to leave it and come on a public highway, or on a place entirely disassociated from the plant: Gurski v. Coal Co., 262 Pa. 1; Lyons v. Bank, 251 Pa. 569; Dzikowski v. Steel Co., 259 Pa. 578; Meigs's App., 62 Pa. 28; Russell v. Howe, 30 Pa. Superior Ct. 591; Malky v. Coal Co., 278 Pa. 552; Logan v. Coal Co., 79 Pa. Superior Ct. 421; Tigue v. Coal Co., 264 Pa. 590.

*H. A. Gordon*, with him *A. L. Williams*, for appellee. —There is no competent evidence that Morucci's death was the result of an injury sustained while he was "actually engaged in the furtherance of the business or affairs" of his employer, "upon the employer's premises or elsewhere": Maguire v. Lees & Sons Co., 273 Pa. 85; Palko v. C. & C. Co., 289 Pa. 401; Shickley v. C. & I. Co., 274 Pa. 360; Stahl v. Coal Co., 268 Pa. 452.

There is no competent evidence that Morucci's "presence" at the place of the accident was "required by the nature of his employment": Ambler v. Phillips, 132 Pa. 167; Dugan v. Coal Co., 241 Pa. 565; Walcofski v. Coal Co., 278 Pa. 84; McNulty v. R. R., 182 Pa. 479; Fekete v. Coal Co., 71 Pa. Superior Ct. 231; Strohl v. Rys., 270 Pa. 132.

OPINION BY MR. JUSTICE KEPHART, September 30, 1929:

Appellant's husband was employed by appellee to work in its colliery, located one mile from Glen Lyon, appellant's home. A special trip of empty cars was provided each morning to transport, over its narrow gauge railroad, the fifty employees from that place to their work. They could return home by a footpath which led from the mouth of the colliery to Glen Lyon. The path was on the right-of-way of the company for the first 1,800 feet, it then turned off and led through the

woods a distance of 800 feet, then returned to the right-of-way and so continued to Glen Lyon. At one point in the path there was another path which led off to the public highway.

The company did not provide, nor was there any contract for, a train or other conveyance to take the men to their homes after work. Permission was not given the employees to ride on the loaded cars en route to Glen Lyon and, as we view it, such permission was not material. On the other hand, appellee issued no orders not to ride on these cars, and it was the custom of the employees to ride home on the loaded trips. The coal mined from this colliery was conveyed to Glen Lyon in the regular small coal cars used in the mine.

Appellant's husband was riding home from work on one of such trips. The train had proceeded about 1,700 feet when the car on which he was riding became derailed, throwing him to the track, causing injuries from which he died. A claim was filed under the Compensation Act and allowed by the referee and the board, but on appeal was disapproved by the court below.

The question here presented is, was the decedent injured in the course of employment? The case is largely controlled by Strohl v. Eastern Pa. Rys. Co., 270 Pa. 132, where compensation was disallowed on a state of facts much stronger in favor of the claimant. Stripped of all circumstances which might confuse the real issue, in that case claimant's duty was to read a meter at the end of each day. It registered the current consumed by the street railway company in the operation of its line. It is immaterial to the determination of the case that during the day he was engaged in work for another employer. The compensation paid by the street car company for this service was transportation over its car line to and from his home in the morning and evening after the meter was read. He was injured on one of these trips. It was held that his employment as it related to the street railway company began when he en-

tered the premises to read the meter and ended when he left that place. Though by invitation and contract he used the company's facilities to go home, the work on which he was actually engaged ceased when he had completed it, at the place on the company's premises where it was performed. The return home was likened to a passenger's riding on the car with the rights appertaining to such persons. We held that the actual payment of compensation is not employment, though it is the consideration for the contract. An employee may receive payment for his services in various ways and at various places, and a trip for that purpose was not employment. Had the employer paid to the employee in money the exact fare and he had purchased a ticket on which the return home was made, and an accident had occurred, the return would not have been in furtherance of the master's business.

The clear legal principle to be deduced from the case just discussed is, that returning home from employment is not considered as furthering the master's business unless there is a special contract covering such incidents. Any accident occurring thereafter, though on the property of the employer, is not on the premises as defined by the Compensation Act. See Palko v. Taylor-McCoy C. & C. Co., 289 Pa. 401, 405; Shickley v. Phila. & Reading Coal & Iron Co., 274 Pa. 360; Stahl v. Watson Coal Co., 268 Pa. 452; Maguire v. James Lees & Sons Co., 273 Pa. 85; Rotola v. Punxsutawney Furnace Co., 277 Pa. 70; Bossard v. Park Co., 93 Pa. Superior Ct. 301.

As stated, the exceptions to this rule are where the contract of employment embraces going to and returning from work: Dunn v. Trego, 279 Pa. 518; Logan v. Pot Ridge Coal Co., 79 Pa. Superior Ct. 421; Knorr v. Central R. R. of N. J., 268 Pa. 172. But the facts of this case do not bring the employees within any of the exceptions. In each of those cases a special contract existed to provide a conveyance for the return home, and it

was found the employer regarded such contract as necessary to secure the employee's services, and such return was furthering the employer's business. But where an employer merely permits or authorizes the use of his facilities by an employee to return home, it is not considered as being in the course of employment, but as a convenience to the employee. An injury happening under such circumstance does not bring the employee within the Compensation Act.

Of course the employer must provide a reasonably safe way to enter or leave the premises where the employment is carried on. Premises is a narrower word than property; it does not include property outside of that connected with the actual place where the employer carries on the business in which the employee is engaged: Palko v. Taylor-McCoy C. & C. Co., supra; Shickley v. Phila. & Reading C. & I. Co., supra; Cymbor v. Binder C. Co., 285 Pa. 440. The path along the railroad or a private road is not an unsafe way: Tolan v. Phila. & Reading C. & I. Co., 270 Pa. 12. Dunn v. Trego, supra, is not opposed to this view.

As said by the court below, in a case arising from the same accident, "The employee Stashak had ceased work and was returning to his home. He was not then engaged in the furtherance of the business or affairs of his employer; the accident did not happen upon his employer's premises within the meaning of the act (Shickley v. Phila. & Reading C. & I. Co., 274 Pa. 360); it happened upon other property of the defendant, occupied, under the control of and on which the employer's business was being conducted. To sustain the award under these circumstances, it is necessary to find that the employee's presence upon the loaded coal car was required by the nature of his employment. (Rotola v. Punxsutawney Furnace Co., 277 Pa. 70, 72) ...... We are forced to the conclusion therefore that the accident did not occur in the course of employment for the accident clearly occurred at a point distant about a thou-

514

sand feet from the employer's premises—the Number 1 drift where plaintiff was employed—and the presence of plaintiff was not required upon the loaded coal cars by the nature of his employment. When the employee placed himself upon the loaded coal car, he became a mere licensee or trespasser and the relation of master and servant ceased to exist, although still upon the employer's property, and the fact that he was accustomed to thus do, could not alter the situation." We concur in the finding.

Judgment affirmed.