## Garratt *v.* McCrady Construction Co. et al., Appellants.

Argued April 25, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John H. Sorg,* for appellants.

*Morris H. Hirschfield,* for appellee.

Opinion by James, J., October 3, 1934:

This is a workmen's compensation case. The referee awarded compensation; the board and the court of common pleas affirmed the award, from which judgment the employer and insurance carrier appealed.

The sole question involved is whether the accident occurred in the course of claimant's employment.

The employer was engaged in the construction of a state highway in an isolated section of Beaver County where a plentiful supply of labor was not to be found and his best labor was obtained from Allegheny County. Several miles from the place where claimant was working the employer maintained a boarding camp for certain of his employees. On the morning of August 27, 1932, while being transported in defendant's truck from the boarding camp to his work on the highway, the truck upset and claimant was injured. The referee found as a fact that the contract of hire called for claimant's transportation to and from his work morning and evening and if the record contains any testimony to sustain such a finding the award must be affirmed.

Claimant, who lived at Wilkinsburg, Allegheny County, testified that during the latter part of the month of July he called at the home of Mr. Clark Cratty, a foreman of the defendant, at Swissvale, to seek employment and had a conversation with the foreman. Claimant was asked the following question: "Q. What did he (meaning Cratty) say?", to which he replied, "He told me there were putting on men out there and we carried on a conversation and I asked him what he was paying his men and he told me forty cents an hour, and I asked him where the men was stopping and he told me they were stopping at a camp. The conversation went on and I asked him how they were getting back and forth to work; he told me they had a truck that would take me to the job and fetch me back home." Claimant further testified that about a week later he was put to work by Mr. Cratty; that the camp was about two and one-half to three miles from the job and every morning the truck called for the men early enough for them to arrive on the

job at seven o'clock and in the evening they would be returned by a truck from their work to the camp. His testimony was corroborated by that of Mr. Cratty, the foreman, who testified in part as follows: ''......and I told him that we paid forty cents an hour, charged them $1.50 a day for board and room, and we furnished transportation morning and evening to and from the work at that time'' and at the time claimant was hired arrangements had been made by the construction company for the transportation of any employees that might be at the camp. The president of the defendant company testified that the McCrady Construction Company furnished its own trucks and hired trucks to transport the men from the camp to the job; that it was necessary to provide this transportation to efficiently conduct the construction of the road and to induce laborers to work; and that the transportation from the camp to the particular job was part of the contract of employment.

The question involved in this appeal is fully discussed and early cases distinguished and classified by Mr. Justice KEPHART in Morucci v. Susquehanna Collieries Co., 297 Pa. 508, 147 A. 533, in which we find the following (p. 512):

''The clear legal principle to be deduced from the case just discussed (Strohl v. Eastern Pa. Rys. Co., 270 Pa. 132, 113 A. 62) is, that returning home from employment is not considered as furthering the master's business unless there is a special contract covering such incidents. Any accident occurring thereafter, though on the property of the employer, is not on the premises as defined by the compensation act. See Palko v. Taylor-McCoy C. & C. Co., 289 Pa. 401, 405; Shickley v. Phila. & Reading Coal & Iron Co., 274 Pa. 360; Stahl v. Watson Coal Co., 268 Pa. 452; Maguire v. James Lees & Sons Co., 272 Pa. 85; Rotolo v. Punx-

sutawney Furnace Co., 277 Pa. 70; Bossard v. Park
Co., 93 Pa. Superior Ct. 301.

"As stated, the exceptions to this rule are where
the contract of employment embraces going to and re-
turning from work: Dunn v. Trego, 279 Pa. 518;
Logan v. Pot Ridge Coal Co., 79 Pa. Superior Ct.
421; Knorr v. Central R. R. of N. J., 268 Pa. 172."

Under the testimony of the claimant, the foreman
and the president of the defendant company, the
referee was fully warranted in finding that the con-
tract of employment included the transportation of
the claimant to and from his place of work and there-
fore at the time of the accident the claimant was in
the course of his employment.

Judgment affirmed.