Butrin et al., Appellants, *v.* Manion Steel Barrel Company et al.

Argued September 28, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robert M. Dale,* for appellants.

*A. B. Jobson,* with him *Breene & Jobson,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 11, 1949:

The question raised by these appeals is whether the appellants-employes were engaged in the furtherance

of their employer's business at the time of the accident: Cf. Act of June 2, 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520, 77 PS, 411. If they were, their injuries are compensable under the Pennsylvania Workmen's Compensation Act; and the common law action cannot be maintained.

The undisputed testimony may be thus summarized: The employer, a steel barrel company, received a rush order which was an emergency or special job. An *authorized employe,* the foreman, *directed* another employe of the company to take a truck of the company and go to the home of the appellants (brothers) who were fellow workmen and bring them to the factory to work upon this special order at a time before regular working hours. No money was paid appellants for the time consumed in going from their home to the factory. While en route, an accident occurred wherein both appellants were injured. Appellants instituted an action in trespass against their employer and the truck driver, alleging that the driver negligently operated the company truck. A jury returned a verdict in favor of appellants and against both defendants-appellees. Appellees filed motions for a new trial and for judgment *non obstante veredicto.* The learned court below did not pass upon the motion for a new trial but granted the motion for judgment n. o. v., concluding that appellants' exclusive remedy was pursuant to the Workmen's Compensation Act since at the time of the accident they were in the course of their employment. These appeals followed.

Appellants contend that the court below erred in holding as *matter of law* that they were in the course of their employment at the time of the accident for the reason that transportation to and from work was not a part of their contract of employment.

Where the contract of employment provides that the employer shall furnish the means of going to and return-

ing from work, the employe is held to be actually engaged in the furtherance of the employer's business during such transportation: *Dunn v. Trego,* 279 Pa. 518, 124 A. 174; *Morucci v. Susquehanna Collieries Co.,* 297 Pa. 508, 512, 147 A. 533; *Logan v. Pot Ridge Coal Co. et al.,* 79 Pa. Superior Ct. 421; but ordinarily an employer is not liable for the payment of compensation for an accident occurring while the employe is going to or returning from his work: *Stahl v. Watson Coal Co.,* 268 Pa. 452, 112 A. 14; *Strohl v. Eastern Pennsylvania Railways Company et al.,* 270 Pa. 132, 113 A. 62; *Callihan v. Montgomery,* 272 Pa. 56, 115 A. 889; *Morucci v. Susquehanna Collieries Co.,* supra; *Nilsson v. Nepi Brothers (et al.),* 138 Pa. Superior Ct. 107, 9 A. 2d 912. *However, there is an exception where some special duty is undertaken for, and by the direction of, the employer: Cronin v. American Oil Co.,* 298 Pa. 336, 340, 148 A. 476; *Bock v. Reading,* 120 Pa. Superior Ct. 468, 470, 182 A. 732, and the cases therein cited. In *Cronin v. American Oil Co.,* supra, Mr. Justice SADLER said, p. 340:

"The right to recover depends upon whether [plaintiff] was attacked while in the course of his employment. His hours of service, and the place where the same was to be performed, were definitely fixed. Though, ordinarily, his work ceased at midnight, and he returned again the following afternoon, yet no duties between these times were imposed upon him. When he left his working-place to go home, the liability of the employer to him as an employee ended, unless after departing from the premises he was incidentally performing some act for the master under his contract of service. The exception in such case is found where there is some special duty undertaken for and directed by the employer after the work is completed: *Haddock v. Steel Co.,* 263 Pa. 120; *Cymbor v. Binder Coal Co.,* 285 Pa. 440."

Judge PARKER (later Justice PARKER of this Court), in *Bock v. Reading,* supra, said, p. 470: "As a general

proposition, the liability of an employer ceases when the employee leaves the premises where he is employed, and the compensation law does not apply to an employee while going to and returning from his place of employment: Haley v. Phila., 107 Pa. Superior Ct. 405, 408, 163 A. 917; Cronin v. American Oil Co., 298 Pa. 336, 340, 148 A. 476. *There is an exception where some special duty is undertaken for the employer."* (Italics supplied.)

The test in determining whether a case comes under the workmen's compensation law is *not* whether the service was performed before or after hours of employment for which wages were paid: *Malky v. Kiskiminetas Valley Coal Company,* 278 Pa. 552, 555, 123 A. 505, and the cases therein cited; *Werner et al. v. Allegheny County et al.,* 153 Pa. Superior Ct. 10, 16, 33 A. 2d 451, but whether the special act performed by the employe at the employer's direction was in furtherance of the employer's business: *Martin v. S. W. Ins. Fund et al.,* 108 Pa. Superior Ct. 570, 165 A. 514; *Bock v. Reading,* supra, and cases therein cited; *Hoffman v. Montgomery County et al.,* 146 Pa. Superior Ct. 399, 403, et seq., 22 A. 2d 762.

In *Martin v. S. W. Ins. Fund et al.,* supra, the employe, a street cleaning contractor, while on the way to meet his employer at a location other than his regular place of employment, and before his working hours (p. 572), *upon the latter's instructions,* was struck by an automobile. The court held that the employe, in carrying out his employer's instructions, was acting in the course of his employment at the time of the accident.

Because the employer sent for appellants who were being rushed to the factory *for the sole purpose of speeding the employer's special emergency job,* the transportation in such circumstances constituted a *furtherance of the employer's business.* Speed in the completion of the special or emergency order was ob-

viously regarded by the employer as a furtherance of his business in which the *transportation* of these employes was an integral part.

Whether or not this is a compensation case is a question of law. There is no dispute in the evidence concerning the status of the appellants under the workmen's compensation law. There is, therefore, nothing to submit to a jury on this question. An examination of the charge reveals that the judge below did *not* leave *this question* to the jury. What the judge did, after trying the case as a common law action in which he gave an adequate charge, was to later conclude and decide that it was not a common law action but a workmen's compensation case and for that reason entered judgment n. o. v.

Judgment affirmed as respects the Manion Steel Barrel Co. The record in the court below is to be amended by entering judgment on the verdict in favor of plaintiffs and against defendant, Thomas Struss.

---

DISSENTING OPINION BY MR. JUSTICE PATTERSON:

Chester J. Butrin and Harold A. Butrin, appellants, were, on October 27, 1939, employed by Manion Steel Barrel Company, appellee, as laborers and had been so employed for two and one-half months prior thereto. They were regularly employed 40 hours per week from 3:00 P.M. to 11:00 P.M. each working day, and their wages were calculated at 44 cents per hour. Each punched a time clock upon reporting for and quitting work, the hours for which they were paid being those shown by the time card. Neither appellant rendered any services to appellee outside the plant. Transportation was *never* furnished, nor had there ever been any agreement to furnish transportation, from the date of their employment to October 27, 1939. Appellants either walked or used a bus to go to and return from appellee's

plant. They *never* agreed to hold themselves in readiness to report for work at any time other than their regularly scheduled hours of employment.

On October 27, 1939, about 12:00 noon, Thomas Struss, another laborer at appellee's plant, driving a truck owned by appellee company, arrived at appellants' home and told them they were to report to work immediately as it was necessary for them to assist appellee company to fill a special order. He waited for appellants who climbed into the rear of the truck. Struss was driving toward appellee's plant when the truck skidded and crashed into a concrete wall along the side of the highway. Appellants were thrown from the truck sustaining injuries for which they instituted this action in trespass against Manion Steel Barrel Company and Thomas Struss. At a trial of the case the court refused appellee company's motion for a compulsory nonsuit and its motion for a directed verdict. A jury returned verdicts against appellees in favor of Chester J. Butrin in amount of $8,000 and in favor of Harold A. Butrin in amount of $200. Thereafter a motion for judgment *non obstante veredicto* was granted.

A majority of this Court, in affirming the judgment entered below, concludes as a matter of law that appellants were engaged in the furtherance of their employer's business at the time of the accident. The evidence, examined in the light of prior decisions of this Court, does not justify such a conclusion.

An employer is not required to compensate an employee for injuries arising out of an accident occurring off of the employer's premises while the employee is going to or returning from work: *Morucci v. Susquehanna Collieries Co.*, 297 Pa. 508, 512, 147 A. 533; *Callihan v. Montgomery*, 272 Pa. 56, 115 A. 889; *Strohl v. Eastern Pennsylvania Railways Company*, 270 Pa. 132, 113 A. 62; *Stahl v. Watson Coal Co.*, 268 Pa. 452, 112 A. 14; *Nilsson v. Nepi Brothers*, 138 Pa. Superior

Ct. 107, 9 A. 2d 912. Where, however, the contract of employment provides that the employer shall provide the means of going to and returning from work, the employee is held to be actually engaged in the furtherance of the employer's business during such transportation: *Morucci v. Susequehanna Collieries Co.,* supra; *Dunn v. Trego,* 279 Pa. 518, 124 A. 174; *Logan v. Pot Ridge Coal Co.,* 79 Pa. Superior Ct. 421. *In Nilsson v. Nepi Brothers,* supra, PARKER, J., (later Mr. Justice PARKER) speaking for the Court, said (p. 112): "Ordinarily the employer is not liable for the payment of compensation for an accident occurring while the employee is going to or returning from his work (Haley v. Phila., 107 Pa. Superior Ct. 405, 163 A. 917; Cronin v. American Oil Co., 298 Pa. 336, 148 A. 476), but where for the advantage of the employer the latter makes an arrangement by which he furnishes transportation to the employee coverage exists during the period of such transportation. (Knorr v. Central R. R. of N. J., 268 Pa. 172, 110 A. 797; Dunn v. Trego, 279 Pa. 518, 124 A. 174; Garratt v. McCrady Construction Co., 114 Pa. Superior Ct. 579, 174 A. 808; Bock v. Reading, 120 Pa. Superior Ct. 468, 182 A. 732)." In *Morucci v. Susequehanna Collieries Co.,* supra, this Court said with reference to cases in which the employee was held to have been within the course of his employment (p. 512-513): "In each of those cases a *special contract* existed to provide a conveyance for the return home, and it was found the employer regarded such contract as necessary to secure the employee's services, and such return was furthering the employer's business. But where an employer merely permits or authorizes the use of his facilities by an employee to return home, it is not considered as being in the course of employment, but as a convenience to the employee. An injury happening under such circumstances does not bring the employee within the Com-

pensation Act." (Emphasis supplied). In *Campagna v. Ziskind*, 287 Pa. 403, 135 A. 124, it was said (p. 410) : "So, also, *when to secure a service, and as a part of the consideration*, it is agreed that transportation shall be supplied to or from the place of work, the right to compensation is fixed by the beginning of the journey to such point, or the ending of it upon return: Cymbor v. Binder Coal Co., 285 Pa. 440 . . ." (Emphasis supplied). See *Kelling v. Froemming Bros., Inc.*, 287 Pa. 471, 135. A. 129; *Haddock v. Edgewater Steel Co.*, 263 Pa. 120, 106 A. 196; *Krapf v. Arthur*, 95 Pa. Superior Ct. 468.

The testimony here adduced amply warrants the following findings of fact: Appellants and appellee company never entered into any express contract pursuant to which the company undertook, as part consideration of the employer-employee relationship, to provide transportation to and from the place of employment; appellants had regular hours of employment and were paid according to their time card record; their usual method of going to and returning from work was by walking or by bus; they never in any way agreed to hold themselves in readiness to report for special work; the company did not intend to pay, nor did it pay, for time consumed while appellants were being transported to work; on October 27, 1939, an authorized employee of appellee company, a foreman, directed another employee of the company to take a truck of the company to to the homes of appellants who were fellow workmen and bring them to the factory to work upon this special order at a time before regular working hours; and, the use of the truck was, at most, a convenience furnished to appellants on this occasion.

On the basis of the undisputed evidence in the case, the learned court below erred in holding as a matter of law that appellants were acting in the course of their employment at the time they were injured. Accord-

ingly, their claims did not come within the purview of the workmen's compensation law and the question of the appellees' liability on the ground of negligence was therefore properly a matter for the jury.

I would reverse the judgment and remand the record for appropriate disposition by the court below of appellee's motion for a new trial.

Mr. Justice HORACE STERN and Mr. Justice JONES join in this dissent.