## Geary v. Standard Refractories Company.

*Workmen's compensation—Appeal from decision of board—Notice—Act of June 26, 1919.*

1. An appeal from a decision of the Workmen's Compensation Board will be stricken off where no written notice was served at the time of taking the appeal on the defendant setting forth the date of the appeal, the court in which the same was filed, the exceptions, and specifications of the findings of fact alleged to be unsupported by competent evidence.

Act of June 26, 1919, P. L. 642, considered.

*Workmen's Compensation Board—Appeal from referee—Hearings de novo.*

2. On an appeal from a referee to the Workmen's Compensation Board, the board, on a hearing *de novo*, may consider the testimony taken before the referee, without taking other testimony, and find the facts thereon.

Appeal from decision of the Workmen's Compensation Board. C. P. Blair Co., Oct. T., 1921, No. 78.

*W. S. Detrick,* for plaintiff.

*Thomas H. Greevy* and *George C. Klander,* for defendant.

BALDRIGE, P. J., March 15, 1922.—The husband of the claimant, while in the course of his employment, on Jan. 29, 1920, slipped from a ladder and fell into a pit, a distance of about five feet, injuring his left side. On Feb. 1st the injured man returned to work and continued at his occupation until the first day of the following April, when his condition prevented him from doing manual labor. On June 3, 1920, he died.

Claim was made under the Workmen's Compensation Act and compensation was allowed by the referee. An appeal was taken to the board, which denied compensation on the ground that the decedent had died from cancer and that the accident did not contribute in the slightest degree to the death. An appeal from the Workmen's Compensation Board was taken to this court.

We are moved in the first instance to strike off the appeal, as it was not taken in accordance with the provisions of the act of assembly.

The Act approved June 26, 1919, P. L. 642, in section 427 (P. L. 665), provides as follows: "Such appeal must be brought within ten days after notice of the action of the board has been served upon such party. . . . The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file with his notice of appeal such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board, or of the referee

sustained by the board, which he alleges to be unsupported by competent evidence."

In this case the decision of the board was filed on Oct. 20, 1921, and an appeal therefrom was filed on Oct. 29, 1921. No written notice was served on the defendant or intervening defendant, setting forth the date of the appeal, the court in which the same was filed, the exceptions, specifications of the findings of fact alleged to be unsupported by competent evidence until Jan. 27, 1922, when a notice, the character of which is not before the court, was served. That was an omission to file an appeal in accordance with the statutory requirements of the act. As the appeal is of statutory creation, its provisions must be strictly complied with. The motion to strike off the appeal is well founded.

There was another obstacle which confronted the claimant. She appealed to this court on the grounds (1) that the board did not have a de novo hearing, in that no testimony was taken before the board, and (2) that the board's findings were not in accordance with the testimony adduced.

The claimant appeared before the board and offered in evidence the testimony taken before the referee, and the board reached its decision upon that testimony without the witnesses appearing in person. That raises the question as to whether the Act of June 26, 1919, P. L. 642, requires the board, when they grant a hearing de novo, to hear the testimony of the witnesses, or may they come to a decision upon the testimony taken before the referee? If there was no statutory provision to the contrary, we conceive that it is the duty of the tribunal that passes upon the facts to hear the witnesses; but the act under consideration does not seem to contemplate that it is essential for the board, in passing upon questions of fact, to have the witnesses appear before them. We find in section 419 two instances where the board may refer any question of fact to a referee to hear evidence and report the testimony taken before him to another tribunal for consideration: (1) Any question of fact arising under any petition, including a petition for commutation heard by it, may be referred to a referee to hear evidence and report to the board the testimony taken before him, or such testimony and findings of fact thereon as the board may order. (2) The board may refer any question of fact arising out of any petition assigned to a referee to any other referee to hear evidence and report the testimony so taken thereon to the original referee.

It is quite evident that the act does not contemplate, under these circumstances, the presence of the witnesses before the board, which ultimately passes upon the questions of fact.

Section 425 provides that an appeal shall be taken, under certain conditions, from the award of the referee, and that the board may grant a hearing de novo, which was done in this case. In the event of a hearing de novo, section 423 provides: "In any such appeal the board may disregard the findings of fact of the referee, and may examine the testimony taken before such referee, and, if it deem proper, may hear other evidence, and may substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board may, in the judgment of the board, require, and may make such disallowance or award compensation as the facts so found by it may require."

It is contended upon the part of the claimant that this section does not contemplate that the board shall pass upon the testimony taken before the referee and findings of fact thereon. We cannot agree with that interpretation of this section. It will be observed that the board may (a) disregard the findings of fact, and then (b) may examine the testimony taken before

such referee, and *(c)*, if it deem proper, may hear other evidence. It would be a vain thing, after the board had disregarded the findings of fact, to examine the testimony taken before the referee, unless the board was permitted to pass upon the testimony and reject or adopt it. Why should it examine the testimony after disregarding the findings of the referee? The only purpose for which this testimony could be examined by the board would be to enlighten it as to the facts. If the board deem it proper, by not being satisfied, or for any other reason, to hear other evidence, they have the right to do so, and, in either event, they may substitute for the findings of fact of the referee such findings of fact as the evidence taken before the referee, or the evidence taken before the referee and the board, may, in the judgment of the board, require.

Considering this section in connection with section 419, we are of the opinion that the board was within the provisions of the act of assembly in awarding a hearing *de novo* and adopting its findings of fact from the testimony taken before the referee.

This claimant must have been of this opinion, as she offered in evidence at the hearing of the board the testimony taken before the referee. She cannot say, therefore, that the board should not have considered the evidence which she produced. If there was any one entitled to object to the board passing upon the testimony, it was not the claimant, but the defendant.

We find nothing in the second reason that merits discussion.

The evidence was conflicting, but there was sufficient to support the findings of the board, and, therefore, this court cannot review the board's findings: Stahl *v.* Watson Coal Co., 268 Pa. 452.

Now, March 15, 1922, this cause came on to be heard, was argued by counsel, and it appearing that the appeal was not taken in accordance with the act of assembly, the same is stricken off, and, in addition, we find that the hearing before the board was regular and legal, and that their findings of fact are conclusive.

From Robert W. Smith, Hollidaysburg, Pa.