## Brovey v. Philadelphia & Reading Coal and Iron Company.

*Workmen's compensation—Findings of fact—Opinion of physician—Evidence.*

1. Whether or not there is any competent testimony to support the findings of fact of the referee and the workmen's compensation board is a matter for the court, but if such testimony appears, then the matter is not for the court but for the referee and the board.

2. Where a physician testifies that, in his opinion, the injury caused or contributed to the death of the workman, a finding for the claimant by the referee and board will not be set aside by the court.

Appeal from decision of the Workmen's Compensation Board. C. P. Northumberland Co., Sept. T., 1925, No. 111.

*Roger Devers,* for plaintiff.

*Voris Auten* and *B. D. Troutman,* for defendant.

STROUSS, P. J., Nov. 9, 1925.—This case is an appeal from the decision of the Workmen's Compensation Board which approved the conclusions and findings of the referee.

The sole question raised in the appeal is whether or not there is any competent evidence to support the findings of fact. Counsel for the defendant contend in their submitted brief that the testimony of Dr. Callaway, "so far as it tended to establish any connection between the injury sustained by the deceased and the disease which caused his death, is entirely worthless and should have been disregarded by the referee." The testimony of Dr. Callaway discloses that at times he stated there might be a connection between the injury and the disease, but he finally was asked and answered as follows: "Now, is it your opinion, professionally, that that injury caused or contributed to his death? A. Absolutely, I think it did." The testimony might be considered somewhat contradictory, but we are not here concerned with the weight or consideration given by the referee to the testimony of any witness. The findings of fact are exclusively within the jurisdiction of the referee and the board. Our sole inquiry here is whether there is any testimony which, if believed by the referee and the board, will sustain their findings. Whether or not there is any competent testimony to support the findings is a matter for the court; but if such testimony appears, then the matter is not for the court, but for the referee and the board: Stahl *v.* Watson Coal Co., 268 Pa. 452.

And now, to wit, Nov. 9, 1925, the decision of the board, affirming the findings of fact, conclusions of law and award of the referee, is sustained and judgment is now entered in favor of the claimant.

From C. M. Clement, Sunbury, Pa.