## Heinrich v. Charles W. Young & Co. et al.

270

*Alexander F. Barbieri* and *David L. Ullman,* for claimant.

*Frank R. Ambler,* for defendants.

PARRY, J., February 3, 1942. — Appeal from the Workmen's Compensation Board.

The claimant presented a case under the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, which provides inter alia (section 5(b)):

"Compensation shall not be payable for partial disability due to silicosis, anthraco-silicosis, or asbestosis. *Compensation shall be payable, as otherwise provided in this act, for total disability or death caused primarily (as definitely distinguished from a contributory or accelerating cause) by silicosis,* anthraco-silicosis, or asbestosis, or by silicosis, anthraco-silicosis, or asbestosis, when accompanied by active pulmonary tuberculosis or streptococcic infection of the lung." (Italics supplied.)

There is no dispute as to the salient facts, the controversy really arising over the meaning placed upon the word primary. This is not the word used or defined in the statute which simply says "disability or death caused primarily (as definitely distinguished from a contributory or accelerating cause)". Primarily means in a primary manner and "primary" has been elsewhere defined as first in order or principal, immediate, fundamental, original.

The decedent was in a somewhat advanced stage of silicosis contracted in an occupation involving exposure to a silica hazard but kept on working until 1939 when he suddenly developed a carcinoma of the throat or mouth and was forced to stop work. Due to this malignant condition it was almost impossible to get him to swallow and he died of exhaustion on May 14, 1940.

The Referee, after hearing the doctors called for both parties, retained an impartial medical expert who upon reviewing the record gave it as his opinion that death was primarily due to carcinoma of the mouth and tonsils with silicosis as a contributing cause. This opinion, since it was accepted by the Referee, should have been determinative of the controversy; but although he found as a fact that the "decedent's death was primarily caused by a squamous cell carcinoma of the mouth with the silicosis from which he was suffering acting as a contributory cause," he reached the legal conclusion that the claimant was entitled to compensation because her decedent died as the result of silicosis in accordance with the above found facts.

The Compensation Board noted this inconsistency, struck it out and proceeded to substitute another which reads:

"10. That the primary cause of claimant's decedent's death on May 14, 1940 was silicosis with a squamous cell carcinoma of the mouth as the immediate factor, and that the aforementioned silicosis was incurred in the course of his employment with the defendant."

Of all the physicians called, but one gave silicosis as the primary cause of death. This was Dr. Umstead who attended the decedent throughout his illness. He signed a death certificate in which he gave silicosis as the primary cause with carcinoma as a contributing cause and he so testified. In cross-examination however when asked:

"Q. When you say 'primary cause', you mean because it was present first?"

He replied :

"It was first present."

In response to a question as to which was the major cause of his death aside from that which was present first, he said that it was the patient's inability to be nourished as he couldn't get food due to the condition of his throat. Now if there is a major cause any other

must be minor and it is an unmeaning inversion to call the minor cause primary and the major secondary, because the minor happens to have been in existence longer. As the uncontradicted testimony is that silicosis does not produce a malignant condition, the cause of death and the only apparent cause is the carcinoma, for clearly that is the only thing that kept the man from obtaining the nourishment, for lack of which he died.

While conscious of difficulty in the application of a word susceptible of different meanings, we think that the common acceptation of the word "primary" in this connection is principal or immediate. If, as the Compensation Board found, the immediate factor causing death was carcinoma, then whatever part the silicosis played in the catastrophe it was not the immediate or precipitating cause. We think it follows that it was not the primary cause. As silicosis will not produce carcinoma it would seem that its only contribution to the result was in providing a debilitated system less able to withstand the onslaught of an unrelated disease.

But this is not enough under the statute making occupational disease compensable. It was essential to a recovery that the claimant prove by unequivocal testimony that death was due to silicosis primarily as definitely distinguished from a contributory or accelerating cause. This burden is not sustained by a showing that the decedent suffered from silicosis which may have proved fatal but had not reached a crucial stage when he suddenly developed a malignant growth in the back of his mouth which prevented his swallowing his food to such an extent that he died of lack of nourishment.

In Monahan v. Seeds & Durham et al., 336 Pa. 67, it was held that testimony which is conflicting or of such a nature as to render any inference drawn from it a mere guess or conjecture is insufficient. Here the testimony as to fact is not conflicting for the medical ex-

perts, the Referee and the Compensation Board unite in finding that the immediate cause of death was carcinoma of the mouth. The confusion arises from the use of a word without apparent consideration of its appropriate meaning. The only medical witness whose testimony may in any way be taken to support the Board's finding as to primary cause accedes to a statement that primary cause means the cause which was present first and he amplifies this by saying "primarily it was the condition of the lungs which . . . call it silicosis or whatever you choose, was the primary cause". But since he goes on to say that carcinoma was the fatal cause his preference for the word primary to describe silicosis as a cause of death does not appear to us to afford a sound basis for an award of compensation. Silicosis is a disease of the lungs and may result in death but as it is clear from the testimony and the findings that it did not cause death in this case, there appears no foundation for the conclusion that it was the primary cause of death. The Board then in our opinion reached an erroneous conclusion in awarding compensation and we may so declare as a matter of law.

While the Board's findings of fact when supported by competent evidence are binding and cannot be disturbed, nevertheless the question whether there is evidence to support a particular finding is one of law and may be reviewed on appeal. Stahl v. Watson Coal Co., 268 Pa. 452.

We are not unmindful of The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, sec. 420(a), requiring a reference to the Medical Board created therein for a determination of medical facts in cases such as this. We are informed however that the mandate of the Act has not yet been obeyed in that no appointments to the Board have been made. To remand the record would be a meaningless act as it could serve no purpose but that of prolonged and indefinite delay.

We therefore deem it our duty to determine the question before us on the merits.

The award of the Workmen's Compensation Board is set aside and judgment is entered for the defendants.